**Jean SAINTIDA, et al., Plaintiffs,**

v.

**TYRE, L., Tyre P., Deshommes, J., Jackor Super Picking, Inc., Defendants.**

**No. 89–2367–CIV.**

United States District Court, S.D. Florida, Miami Division.

Jan. 10, 1992.

Gregory S. Schell, Immokalee, Fla., for plaintiffs.

Donald T. Ryce, Miami, Fla., for defendants.

### MEMORANDUM OPINION GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

MORENO, District Judge.

THIS CAUSE came before the Court upon Plaintiffs' Motion for Summary Judgment and Defendants' Cross Motion for Summary Judgment. All parties agreed at oral argument that no trial was necessary and that the Court should dispose of all claims by a judgment as a matter of law.

THE COURT has considered the Motion, responses, oral argument and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

ADJUDGED that the Plaintiffs' Motion for Summary Judgment is GRANTED.

### Facts

Defendant, Deshommes was doing business as Jackor Super Picking during the 1988–89 south Dade County green bean harvest. During the harvest, Deshommes agreed to furnish labor to pick several area farmers' bean crops. Deshommes hired a number of labor contractors to help harvest the farmers' crop. Among these labor contractors was Fritz Paul. Although Paul never had a certificate of registration as a farm labor contractor, Deshommes hired him on several occasions, without ever inquiring as to Paul's registration status.

Each of the Plaintiffs in this action was recruited by Paul and transported in Paul's van to the jobsite. Paul paid the Plaintiffs for their work from a lump-sum payment he received from Deshommes on a weekly basis. The payments to the Plaintiffs were made in cash. Although employee Social Security (FICA) contributions were withheld from the wages, these FICA taxes were never paid to the Internal Revenue Service.

On April 26, 1989, the Plaintiffs were involved in a serious accident after finishing work. At the time, Paul was transporting the Plaintiffs to a Country Store in order to secure employment for the following day. Plaintiffs were unable to obtain medical care or compensation for lost wages because Paul's van lacked any insurance coverage.

Plaintiffs make their Motion for Summary Judgment on the grounds that Defendants intentionally violated the Migrant and Seasonal Agricultural Worker Protection Act (AWPA). The Plaintiffs assert that the following AWPA statutory provi-

sions are applicable:

(1) Registration verification

(2) Recordkeeping

(3) Wage statement

(4) Vehicle insurance; and

(5) Payment

### Analysis

■ The Migrant and Seasonal Agricultural Worker Protection Act guarantees certain protections and benefits to seasonal agricultural workers. *See, generally,* 29 U.S.C. §§ 1831, 1832, 1841 and 1842. Seasonal agricultural workers are those individuals who are engaged in agricultural employment of a seasonal or temporary nature involving harvesting of crops. 29 U.S.C. § 1802(10)(A); 29 C.F.R. § 500.20(r). The Plaintiffs were employed in harvesting beans, clearly falling within the parameters of this statutory definition. Due to the weather conditions in South Florida, bean harvesting is performed seasonally, rather than year round.

■ Under the AWPA, farm labor contractors are responsible for providing certain protections to seasonal agricultural workers. *See, generally,* 29 U.S.C. §§ 1831 and 1841. Defendant, Jackor Super Picking, has stipulated that it was a farm labor contractor at all times relevant to this action, and therefore subject to the AWPA's requirements. Defendant Deshommes is also subject to the AWPA's provisions applicable to farm labor contractors. Deshommes has admitted that he was a registered employee of Jackor Super Picking at all times relevant to this action. In this regard, Deshommes was responsible for complying with the AWPA and its implementing regulations to the same extent as if he had been a farm labor contractor himself. 29 C.F.R. § 500.62.

### A. Violations of AWPA's Recordkeeping, Wage Statement and Payment Provisions

The AWPA, 29 U.S.C. § 1831(c)(1), and its attendant regulations, 29 C.F.R. § 500.-80(a), impose specific recordkeeping obligations upon farm labor contractors.

Among other things, labor contractors are required to accurately record the number of hours worked by each worker and list all withholdings from wages and the specific purpose for each withholding. 29 U.S.C. § 1831(c)(1) and 29 C.F.R. § 500.80(a). During the 1988–89 harvest, only fragmented records of the Plaintiffs' labor were maintained. These records were discarded, despite the AWPA's requirement that the records be maintained for a three year period.

Title 29 U.S.C. § 1831(c)(2), and its attendant regulations, 29 C.F.R. § 500.80(d), require that farm labor contractors provide seasonal workers with wage statements containing certain data regarding their labor on each pay period. These wage statements provide workers with a permanent record of their employment for such purposes as filing tax returns and applying for unemployment compensation benefits. *Frenel v. The Freezeland Orchard Company, Inc.,* 108 Lab. Cases (CCH) paragraph 35,016, at page 45,415 (E.D.Va.1987).

■ The Defendants failed to comply with the wage statement provisions of the AWPA. The Plaintiffs were paid in cash, with money inserted in bank envelopes. These envelopes failed to comply with the information requirements of the AWPA and its implementing regulation.

Section 1832(a), requires farm labor contractors to pay workers their wages promptly when due. Courts have found that Social Security (FICA) taxes are part of the wage encompassed in this provision and failure to pay these taxes violates the statute. *Fields v. Luther,* 108 Lab. Cases (CCH) paragraph 35,072, at page 45,667 (D.Md.1988); *Bonhomme v. Massaline,* 101 Lab. Cases (CCH) paragraph 34,566, at page 46,315 (S.D.Fla.1984); *Certilus v. Peeples,* 101 Lab. Cases (CCH) paragraph 34,587, at page 46,461 (M.D.Fla.1984).

FICA taxes were withheld from the workers' wages while they were employed at the Defendants' jobsite. However, these sums were never paid to the IRS and no W-2 forms were filed with the Social Security Administration with regard to the Plaintiffs' work.

The Defendants have not disputed the fact that the AWPA's requirements regarding recordkeeping, wage statements and wage payments were not complied with during the course of the Plaintiffs' employment. However, the Defendants contend that they are not liable for these violations, since they did not employ the Plaintiffs. The issue of whether the Defendants employed the Plaintiffs is a legal, as opposed to factual, issue. *Beliz v. W.H. McLeod & Sons Packing Co.*, 765 F.2d 1317, 1327 (5th Cir.1985); *Brock v. Mr. W Fireworks, Inc.*, 814 F.2d 1042, 1045 (5th Cir.1987).[1]

The Defendants correctly point out that the provisions of the AWPA apply only to those who "employ" agricultural workers. However, the Defendants' assertion that they did not employ the Plaintiffs is erroneous. Under the AWPA, the term "employ" is given the meaning provided under the Fair Labor Standards Act. 29 U.S.C. § 1802(5).[2]

Under this definition, an employer "cannot shield himself from liability by placing a recruiter-contractor between himself and the laborers, by giving the recruiter contractor responsibility for direct oversight of the laborers." *Monville v. Williams*, 107 Lab. Cases (CCH) paragraph 34,979 at page 45,252, 28 WH Cases 497, 501 (D.Md.1987).

## B. Violations of AWPA's Vehicle Insurance Provisions

The AWPA requires that any farm labor contractor who transports agricultural workers or causes such workers to be transported obtain insurance at levels prescribed by the Secretary of Labor. 29 U.S.C. § 1841(b)(1)(C) and 29 C.F.R.

§§ 500.121 and 500.122. Defendants argue that they are not liable for any violations of the AWPA's vehicle insurance provisions because they did not cause the Plaintiffs to be transported by Paul.

An employer is found to have caused the transportation of harvest workers by a farm labor contractor when this transportation is a "necessary element in obtaining the workers" to harvest the grower's crop. *Frenel v. The Freezeland Orchard Company, Inc.*, 108 Lab. Cases (CCH) paragraph 35,016, at page 45,415, 28 WH Cases (BNA) 666,667 (E.D.Va.1987).

Clearly, Paul's transportation of the harvest workers to the jobsite was a necessary element in his furnishing bean pickers to the Defendants. As is made clear by the affidavits submitted, the workers relied on Paul and other labor contractors for transportation to the jobsite. Few of the workers owned their own vehicles and public transportation was unavailable. Without employer provided transportation, the Plaintiffs in this case would not have been able to pick beans for the Defendants.

Defendants further assert that even if they caused Paul to transport the Plaintiffs to the jobsite, they did not cause the trip that was in progress at the time of the accident. In particular, the Defendants take issue with the Plaintiffs' assertion that this trip would have been covered under the Florida Workers' Compensation Act.

The AWPA provides two means by which agricultural employers and farm labor contractors may satisfy the insurance provi-

1. Since the issue of whether the Defendants employed the Plaintiffs is a legal, as opposed to factual, issue, it can properly be decided by the Court at the Summary Judgment stage. All parties have agreed to such disposition.

2. The joint employment doctrine is a "central foundation" of the AWPA and the "indivisible hinge between certain important duties imposed for the protection of migrant and seasonal workers and those liable for any breach of those duties." House Report 97–885, 97th Cong., 2d Sess., at 6, reprinted at 1982 U.S.Code Cong. & Adm.News 4547, 4552. In evaluating the question of whether a person or entity "employed" a farmworker, the House Committee remarked:

First, that such determination should be considered in light of the protective purposes of this Act consistent with the approach taken in *United States v. Rosenwasser*, 323 U.S. 360, 65 S.Ct. 295, 89 L.Ed. 301 (1945) in which the court stated in defining employ under the FSLA: "a broader or more comprehensive coverage within the stated concept would be difficult to frame." Inherent in this expansive interpretation is the intent of the Committee that the terms "employee", "employer" and "independent contractor" not be construed in their limiting common law sense.

sions of the Act. An employer or contractor may purchase an insurance policy or liability bond, providing insurance in the amounts required by the Act. 29 U.S.C. § 1841(b)(1)(C); 29 C.F.R. § 500.120. Alternatively, an employer or labor contractor may provide insurance through a worker's compensation policy. 29 U.S.C. § 1841(c); 29 C.F.R. § 500.122.

■ The Plaintiffs' injuries resulting from the accident would have been compensable under Florida Workers' Compensation Act. Normally, accidents occurring during an employee's travels to and from work are not considered to have arisen within the scope of employment and, thus, are not compensable under the Florida Workers' Compensation Act. *Sweat v. Allen,* 145 Fla. 733, 200 So. 348, 350 (1941). However, the present case falls squarely within one of the exceptions to this general rule. If the employer provides the worker with transportation, an accident which occurs during the transportation is considered to have arisen out of and in the course of employment, rendering it compensable. *Wert v. Tropicana Pools, Inc.,* 286 So.2d 1, 2 (Fla.1973).

The Defendants argue that since the trip to the Country Store was for Paul's purely private purposes, it was not covered under the Workers' Compensation Act, citing *N & L Auto Parts Co. v. Doman,* 111 So.2d 270 (Fla. 1st DCA 1959). The Defendants' reliance on *N & L Auto Parts* is misplaced. The Defendants correctly note that this case holds that an injury suffered by an employee while deviating from his employment duties for purely private business is not compensable. However, in *N & L Auto Parts,* the employee was not injured while being transported by his employer. Instead, the employee was on a purely private mission at the time of the accident, with the employer having no involvement in the transportation.

The rule is different when the employer actually provides the transportation and it is the employer's transportation provider who deviates from his normal duties for personal business. When the employer provides the transportation, an accident which occurs during the transportation is considered to have arisen out of and in the course of employment, rendering it compensable. *Wert v. Tropicana Pools, Inc.,* 286 So.2d at 2.

### C. *Violations of AWPA's Registration Verification Provisions*

■ The AWPA requires that persons who utilize farm labor contractors take reasonable steps to verify the registration status of the respective farm labor contractors before hiring them. 29 U.S.C. § 1842. In addition to ensuring that each farm labor contractor has a certificate of registration, it must also be determined whether the contractor is authorized to transport agricultural workers, if the contractor will be used for this activity. 29 C.F.R. § 500.71; *Mountain Brook Orchards, Inc. v. Marshall,* 640 F.2d 454, 459 (3rd Cir.1981).

■ The Defendants admit that they utilized the services of Paul as a farm labor contractor, even though Paul was not properly registered under the AWPA. However, Defendants contend that their failure to verify Paul's registration status is excused because the violations were not "intentional" within the meaning of the Act, 29 U.S.C. § 1854(c)(1). This argument is misplaced because it ignores well-established case law regarding the meaning of intentional standard under the AWPA.

In interpreting the intentional standard, the courts have concluded that the common civil standard was to be utilized, holding a person liable for the natural consequences of his acts. *Rivera v. Adams Packing Association, Inc.,* 707 F.2d 1278, 1283 (11th Cir.1983). Knowledge of the statute's requirements is not necessary for a violation to be treated as intentional. *Bueno v. Mattner,* 829 F.2d 1380, 1386 (6th Cir. 1987), *cert. denied,* 486 U.S. 1022, 108 S.Ct. 1994, 100 L.Ed.2d 226 (1988). No specific intent to violate the Act is required in order for a violation to be intentional. *Alvarez v. Joan of Arc, Inc.,* 658 F.2d 1217, 1224 (7th Cir.1981); *Alvarez v. Longboy,* 697 F.2d 1333, 1338 (9th Cir.1983). Therefore, the Defendants need only deliberately and consciously engage in the action which leads to the violation of the Act. There is no re-

quirement that the Defendants be aware that the actions engaged in are in violation of the Act.

■ The Defendants' failure to ascertain Paul's registration status was clearly intentional within the meaning of the AWPA. Defendants undertook no steps to verify the registration status of Paul. Paul was never registered as a farm labor contractor during the period Plaintiffs worked for Defendants. Neither of the Defendants undertook even the simplest of steps to verify Paul's registration status—simply by asking to see his registration certificate. Accordingly, Defendants are deemed to have intentionally violated the registration verification provisions of the AWPA.[3]

## DAMAGES

### A. *Statutory Damages*

As a result of the Summary Judgment award and the finding of AWPA violations, the only issue remaining is what amount, if any, is to be awarded per Plaintiff per violation.

The AWPA provides that aggrieved farmworkers bringing civil suits may be awarded their actual damages of up to $500 in statutory damages for each violation of the AWPA. 29 U.S.C. § 1854(c)(1).

With regard to their AWPA claims, Plaintiffs Saintida Jean, Gishlane Desir, Wendy Lambert, Cantave Laurent, Lucie Lemorin and Renose Pierre–Louis seek an award of actual damages with respect to the Defendants' violation of the AWPA's vehicle insurance provisions, 29 U.S.C. § 1841(b)(1)(c). With respect to the remaining Plaintiffs, and all other violations of the Act, the Plaintiffs request the award of $500 in statutory damages for each violation.

■ Factors affecting the size of these awards include whether the violations were substantive in nature, the extent of the Defendants' culpability, damage awards in similar cases and the Defendants' ability to prevent future violations of the Act. *Betrand v. Jorden*, 672 F.Supp. 1417, 1422 (M.D.Fla.1987); *Beliz v. W.H. McLeod & Sons Packing Co.*, 765 F.2d 1317, 1332–33 (5th Cir.1985).

■ The Plaintiffs ask for the maximum $500 statutory damage award for each Plaintiff for each violation. However, the Court does not view all of the violations of the AWPA as equally egregious. In particular, the Defendants' violation of 29 U.S.C. § 1842 pertaining to the use of a farm labor contractor without verifying confirmation of registration as a farm labor contractor, does not warrant the maximum statutory award. Accordingly, $100 in damages is awarded to each of the Plaintiffs for Defendants' violation of 29 U.S.C. § 1842.[4]

■ The absence of wage statements has serious consequences for workers. It affects their unemployment insurance eligibility, their status with the Immigration and Naturalization Service, and their dealings with the Internal Revenue Service. *Frenel v. The Freezeland Orchard Company, Inc.*, 108 Lab. Cases (CCH) 35,016, at page 45,415 (E.D.Va.1987). Accordingly, the wage statement violations, 29 U.S.C. § 1831(c)(2), warrants a $300 statutory award for each Plaintiff.[5]

The absence of recordkeeping by the Defendants has hampered the Plaintiffs in the presentation of their case in this action. Had the records been kept in accordance with 29 U.S.C. § 1831(c)(1) of the AWPA, the parties could have avoided many of the issues presented in the Summary Judgment context. Accordingly, the recordkeeping

---

**3.** It is appropriate for this Court to decide the issue of whether there was an intentional violation of provisions of the Act in a Summary Judgment context. *See Osias v. Marc,* 700 F.Supp. 842 (D.Md.1988).

**4.** See, *Frenel v. The Freezeland Orchard Company, Inc.,* 108 Lab. Cases (CCH) paragraph 35,016, at pages 45,414–15 (E.D.Va.1987) ($100 statutory

award damage was awarded for violation of 29 U.S.C. § 1842).

**5.** See, *Frenel v. The Freezeland Orchard Company, Inc.,* 108 Lab. Cases (CCH) 35,016, at page 45,415 (E.D.Va.1987) (Plaintiffs were awarded $400 in statutory damages for wage statement violations).

violations, 29 U.S.C. § 1831(c)(1), also warrant a $300 statutory award for each Plaintiff.[6]

■ Violations of the AWPA's vehicle insurance provisions can have serious consequences and are "no technical violation." *Frenel v. The Freezeland Orchard Company, Inc.,* 108 Lab. Cases (CCH) 35,016, at page 45,415 (E.D.Va.1987). In the present case, the absence of insurance has had numerous adverse effects for the Plaintiffs. The Plaintiffs have been unable to obtain needed medical care and to pay medical bills incurred due to the Defendants' lack of insurance. Accordingly, the vehicle insurance violations, 29 U.S.C. § 1841(b)(1)(C), warrant a statutory award of $500 for each Plaintiff.

■ No separate award will be made for the violation of 29 U.S.C. § 1832(a), which requires that the employer pay the wages when due. The Plaintiffs argue that this violation occurred because the FICA taxes withheld by the Defendants were never paid to the Internal Revenue Service. The Court concludes that the damages suffered by the Plaintiffs for this violation are adequately compensated by the other awards in this case. *Frenel v. The Freezeland Orchard Company, Inc.,* 108 Lab. Cases (CCH) 35,016, at page 45,415 (E.D.Va.1987).

■ However, the Plaintiffs are entitled to injunctive relief directing the Defendants to file the required W–2 forms with the Social Security Administration.[7] Accordingly, the Defendants are ORDERED to file the required W–2 forms regarding the Plaintiffs' labor within sixty (60) days of this Order.

## B. *Actual Damages*

Plaintiffs Saintida Jean, Gishlane Desir, Wendy Lambert, Cantave Laurent, Lucie

Lemorin and Renose Pierre–Louis each seek the award of actual damages for the Defendants' failure to comply with the AWPA's vehicle insurance provisions.

■ Since the accident occurred while the Plaintiffs were being transported from work to their homes by Paul, the injuries were covered by workers' compensation. However, since neither Paul nor the Defendants maintained workers' compensation coverage as required by law, the exclusive remedy provisions of the Florida Workers' Compensation Act, Fla.Stat. § 440.11, are inapplicable. Accordingly, compensation for the Plaintiff's injuries must be provided by awarding actual damages.

■ The six Plaintiffs who seek actual damages have based their claims on two elements: (1) medical bills incurred as a result of their injuries sustained in the accident and (2) compensation for lost earnings as a result of the injuries sustained in the accident. The claims clearly fall within the scope of actual damages under the AWPA. Under Florida law, damages normally include hospital and medical expenses. *Fraysier v. U.S.,* 566 F.Supp. 1085, 1090 (S.D.Fla.1983). In addition, a person injured by the wrongful act of another is entitled to recover for the loss of his earning capacity. *Id.*

Each of the six Plaintiffs who seek actual damages relating to their claims under the AWPA's vehicle insurance provisions has presented an affidavit to the Court summarizing medical expenses and lost wages. The Defendants have not controverted these affidavits or disputed the issue of actual damages in any fashion. In fact, counsel were required by Order of this Court on December 12, 1991 to further brief the issue of actual damages. Defendants' supplemental brief on the issue actual damages simply argued that the Plaintiffs could not recover damages. The

---

**6.** See, *Frenel v. The Freezeland Orchard Company, Inc.,* 108 Lab. Cases (CCH) 35,016, at page 45,415 (E.D.Va.1987) (Plaintiffs were awarded $400 in statutory damages for recordkeeping violations).

**7.** Similar relief has been ordered in a number of cases under the AWPA. See, *Charite v. Jones,*

116 Lab. Cases (CCH) paragraph 35,384 (S.D.Fla.1990); *Fields v. Luther,* 108 Lab. Cases paragraph 35,072, at page 45,667 (D.Md.1988) (Court is empowered to grant injunctive relief requiring defendants to file appropriate tax documents).

AWPA permits Plaintiffs to recover either their actual damages or statutory damages. It is within the discretion of this Court to issue an award of actual damages for some violations of the AWPA, coupled with statutory damages for the remaining violations. *See Salazar–Calderon v. Presidio Valley Farmers Association,* 863 F.2d 384 (5th Cir.1989).

Accordingly, the six Plaintiffs are awarded their actual damages for the violations of the AWPA's vehicle insurance provisions and statutory damages for the remaining violations of the AWPA. The total amount of damages to be awarded to the Plaintiffs is as follows:

### Damages to be awarded Plaintiff Saintida Jean

Statutory Damages:

| | |
|---|---|
| Registration verification (29 U.S.C. § 1842) | $100.00 |
| Recordkeeping (29 U.S.C. § 1831(c)(1)) | $300.00 |
| Wage statements (29 U.S.C. § 1831(c)(2)) | $300.00 |
| Payment when due (29 U.S.C. § 1832(a)) | $ 0.00 |

Actual Damages:

| | | |
|---|---|---|
| Vehicle insurance (29 U.S.C. § 1841(b)) | | $45,882.06 |
| Lost wages | $22,500.00 | |
| Medical bills | $23,382.06 | |

### Damages to be awarded Plaintiff Nicola Bosico

Statutory Damages:

| | |
|---|---|
| Registration verification (29 U.S.C. § 1842) | $100.00 |
| Recordkeeping (29 U.S.C. § 1831(c)(1)) | $300.00 |
| Wage statements (29 U.S.C. § 1831(c)(2)) | $300.00 |
| Vehicle insurance (29 U.S.C. § 1841(b)) | $500.00 |
| Payment when due (29 U.S.C. § 1832(a)) | $ 0.00 |

### Damages to be awarded Plaintiff Ghislaine Desir

Statutory Damages:

| | |
|---|---|
| Registration verification (29 U.S.C. § 1842) | $100.00 |
| Recordkeeping (29 U.S.C. § 1831(c)(1)) | $300.00 |
| Wage statements (29 U.S.C. § 1831(c)(2)) | $300.00 |
| Payment when due (29 U.S.C. § 1832(a)) | $ 0.00 |

Actual Damages:

| | | |
|---|---|---|
| Vehicle insurance (29 U.S.C. § 1841(b)) | | $10,525.25 |
| Lost wages | $10,000.00 | |
| Medical bills | $ 525.25 | |

### Damages to be awarded Plaintiff Job Italien

Statutory Damages:

| | |
|---|---|
| Registration verification (29 U.S.C. § 1842) | $100.00 |
| Recordkeeping (29 U.S.C. § 1831(c)(1)) | $300.00 |
| Wage statements (29 U.S.C. § 1831(c)(2)) | $300.00 |
| Vehicle insurance (29 U.S.C. § 1841(b)) | $500.00 |
| Payment when due (29 U.S.C. § 1832(a)) | $ 0.00 |

### Damages to be awarded Plaintiff Wendy Lambert

Statutory Damages:
| | |
|---|---|
| Registration verification (29 U.S.C. § 1842) | $100.00 |
| Recordkeeping (29 U.S.C. § 1831(c)(1)) | $300.00 |
| Wage statements (29 U.S.C. § 1831(c)(2)) | $300.00 |
| Payment when due (29 U.S.C. § 1832(a)) | $ 0.00 |

Actual Damages:
| | |
|---|---|
| Vehicle insurance (29 U.S.C. § 1841(b)) | $4,570.00 |
| Lost wages $4,000.00 | |
| Medical bills $ 570.00 | |

### Damages to be awarded Plaintiff Cantave Laurent

Statutory Damages:
| | |
|---|---|
| Registration verification (29 U.S.C. § 1842) | $100.00 |
| Recordkeeping (29 U.S.C. § 1831(c)(1)) | $300.00 |
| Wage statements (29 U.S.C. § 1831(c)(2)) | $300.00 |
| Payment when due (29 U.S.C. § 1832(a)) | $ 0.00 |

Actual Damages:
| | |
|---|---|
| Vehicle insurance (29 U.S.C. § 1841(b)) | $7,040.00 |
| Lost wages $7,040.00 | |

### Damages to be awarded Plaintiff Lucie Lemorin

Statutory Damages:
| | |
|---|---|
| Registration verification (29 U.S.C. § 1842) | $100.00 |
| Recordkeeping (29 U.S.C. § 1831(c)(1)) | $300.00 |
| Wage statements (29 U.S.C. § 1831(c)(2)) | $300.00 |
| Payment when due (29 U.S.C. § 1832(a)) | $ 0.00 |

Actual Damages:
| | |
|---|---|
| Vehicle insurance (29 U.S.C. § 1841(b)) | $8,000.00 |
| Lost wages $8,000.00 | |

### Damages to be awarded Plaintiff Renose Pierre–Louis

Statutory Damages:
| | |
|---|---|
| Registration verification (29 U.S.C. § 1842) | $100.00 |
| Recordkeeping (29 U.S.C. § 1831(c)(1)) | $300.00 |
| Wage statements (29 U.S.C. § 1831(c)(2)) | $300.00 |
| Payment when due (29 U.S.C. § 1832(a)) | $ 0.00 |

Actual Damages:
| | |
|---|---|
| Vehicle insurance (29 U.S.C. § 1841(b)) . | $5,605.50 |
| Lost wages $5,287.50 | |
| Medical bills $ 318.00 | |

---

Based on the foregoing, it is

ADJUDGED that Plaintiffs' Motion for Summary Judgment is GRANTED and Defendants' Cross Motion for Summary Judgment is DENIED.

DONE AND ORDERED.