### Charles CAMPBELL and Lee Gaston, Plaintiffs,

v.

### John MILLER, Jr. and David C. Brown Farms, Inc., Defendants.

Civ. No. 92–323–CIV–FTM–17(D).

United States District Court,
M.D. Florida,
Tampa Division.

Oct. 22, 1993.

Margaret Hennessy, Gregory Scott Schell, Florida Rural Legal Services, Inc., Belle Glade, FL, for plaintiffs.

William Gus Belcher, II, Nuckolls, Johnson & Porter, P.A., Ft. Myers, FL, for C.W. Stoner, Jr.

Richard H. McDuff, E. Bruce Johnson, Johnson, Anselmo, Murdoch, Burke & George, P.A., for David C. Brown Farms, Inc.

## ORDER ON MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT

KOVACHEVICH, District Judge.

This cause is before the Court on Defendant Brown Farms' Motion to Dismiss or, in the alternative, Motion for More Definite Statement (Docket No. 6), filed March 10, 1993, and response thereto (Docket No. 9), filed March 26, 1993. This is an action under the Migrant and Seasonal Agricultural Workers' Protection Act, 29 U.S.C. § 1801, *et seq.* ("MSAWPA"), the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Federal Insurance Contributions Act, 26 U.S.C. § 3101, *et seq.* ("FICA") and the Federal Unemployment Tax Act, 26 U.S.C. § 3301, *et seq.* ("FUTA") against Defendants, John Miller, Jr., farm labor contractor, and David C. Brown Farms, Inc., grower, for injunctive relief and alleged damages sustained by Plaintiffs, Charles Campbell and Lee Gaston, employees of Defendants, for violations under each of these acts.

## I. BACKGROUND

Defendant Brown Farms is a Florida corporation which raises vegetable crops. Sometime in January or February of 1991, Brown Farms utilized the services of Defendant John Miller, Jr., a farm labor contractor, to recruit employees for Brown Farms and to transport the workers to the fields. Defendant Miller recruited and hired Plaintiffs to harvest Brown Farms' crops. During one of the times that Plaintiffs were being transported by Defendant Miller to Brown Farms' fields, Miller allegedly drove into a canal causing personal injuries to Plaintiffs.

### A. Plaintiffs' Allegations

Plaintiffs allege that Brown Farms failed to ensure that Miller was properly licensed as a farm labor contractor. Plaintiffs also allege that Defendant Miller violated numerous provisions of the MSAWPA and the FLSA, including, among others, failing to pay Plaintiffs at least the minimum wage and failing to ensure that Plaintiffs were provided with safe transportation. Further, Plaintiffs claim that Miller failed to pay Plaintiffs' FICA and FUTA taxes. Plaintiffs assert that because neither Defendant checked that the vehicle in which the Plaintiffs were transported was in safe condition or that the driver was properly licensed, that Plaintiffs suffered severe personal injuries.

### B. Defendant Brown Farms' Allegations

#### 1. MSAWPA

Defendant Brown Farms claims that Plaintiffs' Complaint fails to set forth that Brown Farms intentionally violated any provisions of MSAWPA which would provide a nexus to the alleged injuries suffered in the automobile accident. Instead, Plaintiffs have alleged that Defendant Miller's agent was the operator of the vehicle at time of the accident and that Miller was at all times the Lessor of the involved vehicle. Therefore, because Plaintiffs failed to allege that Defendant Brown Farms intentionally violated the provisions of MSAWPA as required by 29 U.S.C. § 1854, Plaintiffs' Complaint fails to state a cause of action as to Defendant Brown Farms.

#### 2. FLSA

Defendant Brown Farms asserts that Plaintiffs' Complaint fails to state a cause of action under FLSA because it fails to allege

how Defendant Brown Farms violated any of its provisions. Defendant Brown Farms claims that Plaintiffs have acknowledged that the alleged violations were committed by Defendant Miller. Further, because Plaintiffs never alleged that Miller was an agent or representative of Defendant Brown Farms, there are no grounds upon which Brown Farms could be held liable. Defendant Brown Farms also claims that Plaintiffs' Complaint fails to state a cause of action under this act because nothing had been plead to establish that Plaintiffs' compensation was less than the minimum wage prescribed by law. Last, Defendant Brown Farms alleges that Plaintiffs' Complaint fails to state a cause of action under the FLSA because Plaintiffs fail to allege that Defendant Brown Farms willfully violated the provisions of the Act.

### 3. FICA and FUTA

Defendant Brown Farms claims that Plaintiffs' allegations under FICA and FUTA fail to state a cause of action because neither statute provides for a private right of action in the event of an alleged violation of their provisions.

### 4. Motion for More Definite Statement

In the alternative to a dismissal of Plaintiffs' Complaint, Defendant Brown Farms requests an Order requiring Plaintiffs to file a more definite statement of their claims. Defendant Brown Farms asserts that Plaintiffs' Complaint is so vague and ambiguous that Brown Farms cannot reasonably be required to frame a responsive pleading.

## II. ANALYSIS

### A. Standard for a Motion to Dismiss

A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). When ruling on a motion to dismiss, a court is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Dismissal is only appropriate when it is clear to the court that no set of facts would consistently support the allegations asserted in the complaint. *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 250, 109 S.Ct. 2893, 2906, 106 L.Ed.2d 195 (1989) citing *Hishon v. King & Spaulding*, 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

### B. MSAWPA

The MSAWPA permits recovery for "intentional" violations of the Act. In interpreting the intentional standard, the courts have concluded that the common civil standard was to be utilized holding a person liable for the natural consequences of his acts. *Rivera v. Adams Packing Assoc.*, 707 F.2d 1278, 1283 (11th Cir.1983). No specific intention to violate the law need be shown. *Cochran v. Vann*, 963 F.2d 384 (11th Cir. 1992); *Bueno v. Mattner*, 829 F.2d 1380, 1385–1386, *cert. denied*, 486 U.S. 1022, 108 S.Ct. 1994, 100 L.Ed.2d 226 (1987). Therefore, the Defendant need only deliberately and consciously engage in the action which leads to the violation of the Act. *Saintida v. Tyre*, 783 F.Supp. 1368 (S.D.Fla.1992). In *Saintida*, the court held that the defendant's failure to ascertain a labor contractor's registration status was intentional under the meaning of MSAWPA. In the instant case, although Plaintiffs did not allege that Defendant Brown Farms had a specific intent to violate the provisions of this Act, Plaintiffs did allege that Defendant Brown Farms failed to take reasonable steps to determine if Defendant Miller possessed a certificate of registration authorizing him to perform the activities for which Defendant Brown Farms had hired him. In light of *Saintida*, these allegations can be read as allegations of "intentional" violation of MSAWPA. Therefore, Defendant Brown Farms' motion to dismiss Plaintiffs' claim under MSAWPA is denied.

### C. FLSA

Plaintiffs made allegations in their Complaint that Defendant Brown Farms was their employer, however, no specific allegations were made that Defendant Brown Farms failed to pay Plaintiffs the required minimum wage. Allegations of failure to provide minimum wage were made in refer-

ence to Defendant Miller. The basis of Defendant Brown Farms' assertion that Brown Farms cannot be held liable for Defendant Miller's alleged failure to pay minimum wage is that Plaintiffs never alleged that Defendant Miller was an agent or representative of Brown Farms.

An employer cannot shield himself from liability by placing a recruiter-contractor between himself and the laborers, by giving the recruiter contractor responsibility for direct oversight of the laborers. *Saintida v. Tyre*, 783 F.Supp. 1368, 1373 (S.D.Fla. 1992) citing *Monville v. Williams*, 107 Lab. Cases (CCH) paragraph 34,979 at page 45,-252, 28 WH Cases 497, 501, 1987 WL 42404 (D.Md.1987). To prevent such shielding, the "joint employment" doctrine is applied. The "joint employment" doctrine is a "central foundation" of the MSAWPA and the "indivisible hinge between certain important duties imposed for the protection of migrant and seasonal workers and those liable for any breach of those duties." H.R.Rep. No. 97-885, 97th Cong., 2d Sess., at 6, *reprinted in* 1982 U.S.C.C.A.N. 4547, 4552. "Joint employment" means a condition in which a single individual is an employee to two or more persons at the same time. *Leach v. Johnston*, 812 F.Supp. 1198 (M.D.Fla.1992). Independent contractor status of a labor contractor does not necessarily negate the effect of this doctrine. *Hodgson v. Griffin and Brand*, 471 F.2d 235 (5th Cir.), *cert. denied*, 414 U.S. 819, 94 S.Ct. 43, 38 L.Ed.2d 51 (1973). However, if the employers are completely disassociated with respect to the employment of a particular employee, a "joint employment" situation does not exist. *Id.* at 1206.

Several factors have been set forth which a court may consider when determining "joint employer" status. *Leach v. Johnston*, 812 F.Supp. 1198, 1206 (M.D.Fla.1992); *Hodgson v. Griffin and Brand*, 471 F.2d 235, *cert. denied*, 414 U.S. 819, 94 S.Ct. 43, 38 L.Ed.2d 51 (1973). These factors include: (1) whether the employment took place on the alleged employer's premises; (2) how much control the alleged employer exerted over the workers; (3) whether the alleged employer had the power to hire and fire

workers or to modify their employment conditions; (4) whether the workers performed a "specialty job" within the line of production; and (5) whether the worker could refuse to work for the alleged employer or choose to work for others. *Hodgson* at 237–38; see also 29 C.F.R. § 500.20(h)(4)(ii)(A)–(E). These factors have been specifically used by Congress in determining the "joint employment" of farm workers for FLSA and MSAWPA purposes. See H.R.Rep. at 4553. However, the absence of evidence of any one or more of these factors does not preclude a finding that an agricultural employer is a "joint employer" along with the crewleader. H.R.Rep. at 4553, citing *Hodgson v. Okada*, 472 F.2d 965 (10th Cir.1973).

Although in the instant case, the record does not reflect the exact degree of direct control that Defendant Brown Farms exerted over Plaintiffs, there is no dispute that all work was performed on Defendant Brown Farms' premises. Further, these workers would not be able to work until Defendant Brown Farms alerted Defendant Miller that they were needed. The fact that Defendant Brown Farms effected the supervision of Plaintiffs by speaking to Defendant Miller, rather than speaking directly to Plaintiffs does not negate a degree of apparent on-the-job control over Plaintiffs. *Hodgson* at 237. It is obvious that the Defendant Brown Farms and Defendant Miller are not disassociated, but very associated when it comes to the employment relationship of the Plaintiffs. Therefore, for the purposes of this order the Court finds that Defendant Brown Farms and Defendant Miller are "joint employers" of Plaintiffs, thereby making Defendant Brown Farms equally responsible for Defendant Miller's alleged failure to pay minimum wage. Defendant Brown Farms' motion to dismiss Plaintiffs' claim under FLSA is denied.

**D. FICA and FUTA Claims**

Plaintiffs have alleged that Defendant Brown Farms and Defendant Miller failed to pay all or some of the Social Security taxes due or to file with the Social Security Administration any wage reports as required by FICA. Plaintiffs have also alleged that De-

fendant Brown Farms and Defendant Miller failed to pay to the State of Florida all or some of the Unemployment Compensation taxes due or to file with the Florida Department of Labor and Employment Security any or complete wage reports on Plaintiffs as required by FUTA. Plaintiffs have requested injunctive relief enjoining Defendant Brown Farms and Defendant Miller from failing to file the appropriate forms so that Plaintiffs receive the proper credit under both FICA and FUTA. Injunctive relief, if appropriate, can be awarded in this situation. *See, Certilus v. Peeples,* .101 Labor Cases (CCH) paragraph 34,587 at page 46458, 1984 WL 3175 (M.D.Fla.1984) (Injunctive relief granted under FICA); *Davis v. Fletcher, Jr.,* 84 Labor Cases (CCH) paragraph 33,693 at page 48,346, 1978 WL 1692 (M.D.Fla.1978) (Injunctive relief granted under FICA); *Fields v. Luther,* 108 Labor Cases (CCH) paragraph 35,072 at page 45,667–45,668, 1988 WL 59963, (D.M.1988) (Court states that injunctive relief granted under MSAWPA may include order to file tax returns and remit FICA taxes; Court uses same analysis in regard to FUTA). Therefore, Defendant Brown Farms' motion to dismiss Plaintiffs' claim under FICA and FUTA based on a lack of a private cause of action is denied.

E. Standard for Motion for More Definite Statement

■ In the alternative to Defendant Brown Farms' Motion to Dismiss, Defendant Brown Farms has also moved for a More Definite Statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure employ the concept of notice pleading. Motions for a more definite statement are not favored in the federal court system. See *Bazal v. Belford Trucking Co., Inc.,* 442 F.Supp. 1089, 1101 (S.D.Fla.1977). A motion for a more definite statement will only be required when the pleading is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." *Delta Education, Inc. v. Langlois,* 719 F.Supp. 42, 50 (D.N.H.1989), quoting 5 Wright & Miller, Federal Practice & Procedure, § 1376. Further, a motion for a more definite statement is not to be used

as a substitute for discovery. See *Delta Education,* 719 F.Supp. at 51; *Famolare, Inc. v. Edison Bros. Stores, Inc.,* 525 F.Supp. 940, 949 (E.D.Cal.1981).

■ Defendant Brown Farms asserts that Plaintiffs' Complaint is so vague and ambiguous that Brown Farms cannot be reasonably required to frame a responsive pleading. Specificity in pleading is not required by the Federal Rules of Civil Procedure. *MTM Television v. Public Interest Corp.,* 1992 WL 80625 (M.D.Fla.1992) citing *Famolare, Inc. v. Edison Bros. Stores, Inc.,* 525 F.Supp. 940, 949 (E.D.Cal.1981). Specific details surrounding the allegations in Plaintiffs' complaint are properly obtained through the discovery process. *Famolare* at 949. Plaintiffs' allegations in their Complaint present sufficient facts for Defendant Brown Farms to form a response.

III. CONCLUSION

The Court finds that Plaintiffs have stated a claim under MSAWPA, FLSA, FICA and FUTA. Furthermore, the Court finds that Plaintiffs' Complaint presents facts sufficient for Defendant Brown Farms to form a response. Accordingly, it is:

ORDERED that Defendant Brown Farms' Motion to Dismiss (Docket No. 6) pursuant to Fed.R.Civ.P. 12(b)(6) be DENIED; that Defendant Brown Farms' Motion for More Definite Statement (Docket No. 6) pursuant to Fed.R.Civ.P. 12(e) be DENIED.

DONE AND ORDERED.