Charles **CAMPBELL** and Lee Gaston, Plaintiffs,

v.

John **MILLER,** Jr., and David C. Brown Farms, Inc., Defendants.

No. 92–323–CIV–FTM–17D.

United States District Court,
M.D. Florida,
Fort Myers Division.

Feb. 28, 1994.

Gregory Scott Schell, Margaret Eileen Hennessy, Florida Rural Legal Services, Belle Glade, FL, for plaintiffs.

William Gus Belcher, II, Nackolls, Johnson & Porter, P.A., Ft. Myers, FL, for C.W. Stoner, Jr.

Richard M. McDuff, E. Bruce Johnson, Johnson, Anselmo, Murdoch, Burke & George, P.A., Fort Lauderdale, FL, for David C. Brown Farms, Inc.

### ORDER ON MOTIONS FOR PARTIAL SUMMARY JUDGMENT

KOVACHEVICH, District Judge.

This cause is before the Court on Plaintiffs', Charles Campbell and Lee Gaston,

(hereinafter "Plaintiffs"), Motion for Partial Summary Judgment (Docket No. 40) filed January 12, 1994, and Defendant's, David C. Brown Farms, Inc., (hereinafter "Defendant Brown Farms"), Motion for Partial Summary Judgment (Docket No. 42) filed January 18, 1994.

This is an action under the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. § 1801, *et seq.* ("MSAWPA"), the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Federal Insurance Contributions Act, 26 U.S.C. § 3101, *et seq.* ("FICA") and the Federal Unemployment Tax Act, 26 U.S.C. § 3301, *et seq.* ("FUTA") against Defendants for injunctive relief and alleged damages sustained by Plaintiffs for alleged violations of these acts. This Court considers the Motions for Partial Summary Judgment pursuant to Federal Rule of Civil Procedure 56.

## Background

This case involves Plaintiffs, Charles Campbell and Lee Gaston, migrant agricultural workers, and Defendants John Miller, Jr., (hereinafter "Defendant Miller"), a farm labor contractor, and David C. Brown Farms, Inc., a Florida corporation which raises vegetable crops. Sometime in January or February of 1991, Defendant Brown Farms utilized the services of Defendant Miller to recruit employees for Defendant Brown Farms and to provide transportation for the workers. Plaintiffs were recruited and employed by Defendant Miller for the production of cabbage on Defendant Brown Farms' fields.

While Plaintiffs were being transported to Defendant Brown Farms' fields in order to cut cabbage, there was an accident resulting in personal injuries to Plaintiffs. Further, Plaintiffs contend that during their employment in cabbage production, Defendant Brown Farms denied them substantive benefits. Plaintiffs filed this lawsuit seeking damages, unpaid wages and equitable relief as a result of occurrences during their agricultural work performed.

## Discussion

Pursuant to Federal Rule of Civil Procedure 56, this Court may grant a Motion for Summary Judgment when there is no genuine issue as to any material fact or which involves only a question of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A Motion for Summary Judgment, however, will not stand if the dispute about a material fact is "genuine." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When the Court considers a Motion for Summary Judgment, the Court must view all the evidence in the light most favorable to the non-moving party. *United States v. Diebold*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Saintida v. Tyre*, 783 F.Supp. 1368 (S.D.Fla.1992); *Osias v. Marc*, 700 F.Supp. 842 (D.Md.1988); *Haywood v. Barnes*, 109 F.R.D. 568 (E.D.N.C.1986). In the present case, the Court is satisfied that the presence of factual disputes precludes the entry of summary judgment.

■ Plaintiff's Motion for Partial Summary Judgment against Defendant Brown Farms is presented on two issues: (1) whether Plaintiffs were "employed" by Defendant Brown Farms and (2) whether Defendant Brown Farms caused Plaintiffs to be transported to its fields. Defendant Brown Farms' Motion for Partial Summary Judgment presents the argument that there is no genuine issue as to any material fact. Additionally, Defendant Brown Farms argues for entitlement to Partial Summary Judgment on the alleged violations of MSAWPA 29 U.S.C. § 1801 *et seq.*, because Plaintiffs were not employed nor were they "joint employees" of Defendant Brown Farms for purposes of the MSAWPA.

■ As demonstrated by the parties' motions, the initial and crucial determination to be made is whether or not Defendant Brown Farms was in fact an employer or a "joint employer" of Plaintiffs. As Plaintiffs point out, the FLSA and the MSAWPA, designed to protect low wage workers, impose various duties upon "agricultural employers." Plaintiffs allege that Defendant Brown Farms was an employer or "joint employer." Defendant Brown Farms, however, claims that Plaintiffs were not its employees, but employees of Defendant Miller. An employer cannot be

shielded from liability by having a recruiter-contractor in the middle and giving the recruiter-contractor responsibility for direct oversight of the labors. *Saintida v. Tyre,* 783 F.Supp. 1368, 1373 (S.D.Fla.1992). To prevent such shielding, the "joint employment" doctrine is applied.

 The concept of "joint employment" is involved when an individual is an employee of two or more persons simultaneously. *Leach v. Johnston,* 812 F.Supp. 1198 (M.D.Fla.1992). The Court notes that this doctrine is not necessarily evaded by the independent contractor status of a labor contractor. *Hodgson v. Griffin & Brand,* 471 F.2d 235, *cert. denied,* 414 U.S. 819, 94 S.Ct. 43, 38 L.Ed.2d 51 (1973). If the employers are absolutely disassociated with an employee, a "joint employment" situation does not exist. In the instant case, however, Plaintiffs and Defendant Brown Farms are not completely disassociated.

When the Court determines the "joint employer" status, the Court must consider several factors. *Leach v. Johnston,* 812 F.Supp. 1198, 1206 (M.D.Fla.1992); *Hodgson,* 471 F.2d 235, *cert. denied,* 414 U.S. 819, 94 S.Ct. 43, 38 L.Ed.2d 51 (1973). The factors, as discussed in the *Hodgson,* include: (1) whether the employment took place on the alleged employer's premises; (2) how much control the alleged employer exerted over the workers; (3) whether the alleged employer had the power to hire and fire workers or to modify their employment conditions; (4) whether the workers performed a "specialty job" within the line of production; and (5) whether the worker could refuse to work for the alleged employer or choose to work for others. *Hodgson* 471 F.2d at 237–38. While Defendant Brown Farms presents an argument regarding these factors, genuine facts remain in dispute.

Since the Court is unpersuaded that Partial Judgment should be granted regarding the employment status of Plaintiffs, the issue of whether or not Defendant Brown Farms "caused" the accident during transportation will not be addressed. This Court cannot grant a Motion for Partial Summary Judgment when the facts to be resolved are not clearly answered by the pleadings and remain in dispute. Accordingly, it is

**ORDERED** that Plaintiffs', Charles Campbell and Lee Gaston, Motion for Partial Summary Judgement pursuant to Fed.R.Civ.P. 56 (Docket No. 40) filed January 12, 1994 be **DENIED** and Defendant's, David C. Brown Farms, Inc., Motion for Partial Summary Judgment pursuant to Fed.R.Civ.P. 56 (Docket No. 42) filed January 18, 1994 be **DENIED.**

**DONE AND ORDERED.**