**ARTHUR A. ARANSON, Inc. v. ING–RICH METAL PRODUCTS CO. et al.**

Civ. 9586.

United States District Court
W. D. Pennsylvania.

June 6, 1952.

W. A. Walker, Walker & Newman, Pittsburgh, Pa., for plaintiff.

T. W. Pomeroy, Jr., R. L. Becker, Jr., Kirkpatrick, Pomeroy, Lockhart & Johnson, Pittsburgh, Pa., for defendant.

STEWART, District Judge.

Plaintiff brought this action seeking an accounting by defendants of the sale of products by them to Hotpoint, Inc. allegedly obtained by or through the efforts of the plaintiff in pursuance of agency contracts which the plaintiff had with the defendants, a determination of the amount owing to plaintiff as compensation, an order directing its payment and such further relief "as the Court may deem meet and proper under the circumstances". Defendants have filed a motion to strike certain paragraphs of the complaint and a motion for a more definite statement. In addition, the defendant, Ing-Rich Metal Products Company, has filed a motion to dismiss based on jurisdictional grounds.

The requirements with respect to particularity of a complaint under the Federal Rules of Civil Procedure are clear. Rules 8(a) and 8(e), 28 U.S.C.A. govern claims for relief and provide in part, as follows:

"(a) Claims for Relief. A pleading which sets forth a claim for relief * * * shall contain * * * (2) a short and plain statement of the claim showing that the pleader is entitled to relief * * *.

"(e) Pleading To Be Concise and Direct; * * * (1) Each averment

of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required. * * *"

A complaint which meets these requirements is sufficient except where, as provided in Rule 12(e), the pleading " * * is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading * * *". The theory of pleading under the Federal Rules of Civil Procedure has been stated by the courts on many occasions. The United States Court of Appeals for the Third Circuit, in Continental Collieries, Inc., v. Shober, 3 Cir., 1942, 130 F.2d 631, 635, at page 635, expressed it as follows:

"Under the Federal Rules of Civil Procedure the function of the complaint is to afford fair notice to the adversary of the nature and basis of the claim asserted and a general indication of the type of litigation involved. * * Technicalities are no longer of their former importance, and a short statement which fairly gives notice of the nature of the claim is a sufficient compliance with the requirements of the rules."

This case has been followed frequently by various courts and recently by this Court in American Ship Building Co. v. Kirk, D.C. W.D.Pa.1951, 11 F.R.D. 366.

With these requirements in mind, we proceed to examine portions of the complaint. Defendants cannot tell whether in paragraphs 9 and 10 the agreements referred to are written or oral, whether they are part of, collateral to or completely distinct from the two written agreements attached to the complaint, and whether they were executed before or after the date of execution of the two written agreements. These paragraphs are clearly within Rule 12(e).

It is not clear whether plaintiff seeks to recover against the two defendants on separate contracts or whether it seeks to recover against both defendants on all contracts. Paragraphs 5, 6 and a portion of 14 indicate that plaintiff may have intended to assert joint liability based on the theory that both defendants were in fact one. Other portions of the complaint seem to support separate recovery against each defendant on the separate contracts with each. Paragraphs 14 and 15 likewise must be clarified or stricken as provided in Rule 12(e).

Our disposition of the motion to strike will depend on the clarifying amendment to paragraphs 14 and 15. If the plaintiff amends these to indicate that it is seeking to assert joint liability for the entire claim, the motion to strike paragraphs 5, 6 and part of 14 will be denied since the allegations therein will then be material. However, if the plaintiff, by its amendment, indicates that it seeks separate recovery on the separate contracts, then the paragraphs objected to will not be material or pertinent to any issue in the case.

Defendant, Ing-Rich Metal Products Company, filed a motion to dismiss asserting that it is a corporation organized and existing under the laws of the State of Ohio, that it is not doing business in the Western District of Pennsylvania, that, therefore, it is not subject to service of process in the Western District of Pennsylvania, concluding that this Court lacks jurisdiction over it and that this is not the proper venue as to it. However, the motion is not supported by affidavit and, although given an opportunity to do so, defendant has presented no evidence to support the allegations of fact in the motion. Moreover, defendant's counsel has indicated that it does not desire to press this motion. Finally, it may be noted that the complaint alleges that the defendant Ing-Rich Metal Products Company maintains its principal office in the Western District of Pennsylvania. For these reasons, the motion to dismiss will be denied.