Robert NELSON

v.

Mark HOWARD and Antonio Santiago.

Civ. A. No. 92–0601.

United States District Court,
E.D. Pennsylvania.

Dec. 11, 1992.

---

Robert L. Nelson, Jr., pro se.

Jeffrey M. Scott, Carolyn Nichols, Asst. City Solicitors, City of Philadelphia Law Dept., Philadelphia, PA, for defendants.

## MEMORANDUM

GILES, District Judge.

## I. INTRODUCTION

Plaintiff, who is proceeding *pro se*, filed the instant 42 U.S.C. § 1983 action on February 5, 1992.[1] The complaint alleges that Philadelphia Police Officers Mark Howard and Antonio Santiago violated plaintiff's Fourth Amendment rights when they searched, without probable cause, an automobile that he occupied. The search produced two firearms. The complaint further alleges that defendants conspired to fabricate a story that their search was inspired by an informant's tip. Plaintiff demands compensatory and punitive damages, and requests declaratory relief stating that all criminal charges stemming from the allegedly illegal search and seizure are null and void. Defendants have filed a motion for summary judgment. For the reasons stated below, the motion for summary judgment is denied. However, further action in this matter is stayed pending the outcome of the criminal proceedings against plaintiff.

## II. FACTS

Plaintiff was arrested on January 10, 1991 by Philadelphia Police Officers Mark Howard and Antonio Santiago. The Officers claim to have found two firearms in the car which plaintiff and another man occupied at the time of his arrest. Plaintiff has been charged with various firearms offenses, and is awaiting trial in the Criminal Division of Philadelphia Municipal Court.

On August 20, 1991, plaintiff litigated a motion to suppress physical evidence, namely the firearms allegedly found in his car, in his criminal case. Municipal Court Judge Thomas McCormick granted the motion to suppress on September 23, 1991. The Commonwealth appealed Judge McCormick's decision to the Court of Common Pleas. On November 22, 1991, Common Pleas Judge Arnold New reversed the Municipal Court's decision and remanded the case for trial. Plaintiff appealed Judge New's decision to the Superior Court, which quashed his appeal as interlocutory on September 14, 1992.

## III. DISCUSSION

Defendants present two arguments in their motion for summary judgment. They

---

**1.** Plaintiff filed a motion to proceed *in forma pauperis* and a complaint on January 30, 1992. In addition to Howard and Santiago, the complaint also named Police Commissioner Williams and Mayor Ed Rendell as defendants. In a Memorandum and Order dated February 4, 1992, this court granted the *in forma pauperis* motion, but dismissed the complaint against Williams and Rendell as frivolous. The complaint was then filed on February 5.

first argue that collateral estoppel principles require this court to give binding effect to the decisions of the state courts, rendered in the context of plaintiff's motions to suppress, that plaintiff's Fourth Amendment rights have not been violated. In the alternative, defendants argue that considerations of comity require us to decline to hear plaintiff's claims and to grant defendants' motion for summary judgment.

Both of defendants' arguments fail. The state court decision that plaintiff's Fourth Amendment rights have not been violated can not be given preclusive effect in this court because it is not a final judgment. While defendants are correct that considerations of comity must guide this court's decision, we are required to stay plaintiff's civil rights claims rather than dismiss them.

### A. Collateral Estoppel

Defendants claim that the existence of probable cause for the search and seizure, which is central to plaintiff's federal civil rights claim, "has been fully and completely litigated in the criminal state court." Defendants' Motion for Summary Judgment at 9. Therefore, according to defendants, principles of collateral estoppel require this court to give binding effect to the state court's decision that the search was legal. Determination that the search was proper would require the court to enter judgment for defendants.

 Defendants are correct that collateral estoppel principles apply to § 1983 actions and require a federal district court to give binding effect to the decision of a state court in some circumstances. *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). However, it is fundamental that in order for a claim to be barred by collateral estoppel there must have been a prior final judgment on the merits of the claim. *Drum v. Nasuti*, 648 F.Supp. 888, 897–98 (E.D.Pa.1986) (citing *Kelly v. Warminster Township Board of Supervisors*, 512 F.Supp. 658 (E.D.Pa.

1981), *aff'd*, 681 F.2d 806 (3rd Cir.1982), *cert. denied*, 459 U.S. 834, 103 S.Ct. 76, 74 L.Ed.2d 74 (1982); *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979)), *aff'd*, 831 F.2d 286 (3rd Cir.1987); *United States v. Pennsylvania State Police*, 548 F.Supp. 9, 13 (E.D.Pa.1982) (Giles, J.). In the instant case there has been no such final judgement.

 It is long established that the denial before trial of a criminal defendant's motion to suppress is not a final judgment.[2] *Commonwealth v. Bosurgi*, 411 Pa. 56, 190 A.2d 304 (1963), *cert. denied*, 375 U.S. 910, 84 S.Ct. 204, 11 L.Ed.2d 149 (1963); *Commonwealth v. Slaton*, 383 Pa.Super. 301, 314–15, 556 A.2d 1343 (1989), *aff'd*, 530 Pa. 207, 608 A.2d 5 (1992). "At trial, the defendant still has full opportunity to object to the introduction into evidence of the allegedly improper evidence, and, in the event of his conviction, he will then have an opportunity to secure an appellate evaluation of the propriety and admissibility of such evidence.... Under such circumstances, the element of finality ... is lacking in an order denying suppression." *Bosurgi*, 411 Pa. at 64, 190 A.2d at 308–309. Because the Court of Common Pleas' denial of plaintiff's motion to suppress is not a final judgment, it cannot be used to estop plaintiff from making a fourth amendment claim in this court.

### B. Abstention

 Plaintiff seeks both money damages and declaratory relief. It is long established that this court cannot issue the declaratory relief prayed for, because it would be an improper interference with the pending criminal prosecution against plaintiff. *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) (federal courts will not enjoin pending state criminal prosecution except under extraordinary circumstances where the danger of irreparable loss is both great and immediate); *Samuels v. Mackell*, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971) (*Younger* analysis applies to claims for declaratory relief).

**2.** Indeed, in the instant case, the Superior Court quashed as interlocutory plaintiff's appeal from

the Court of Common Pleas for this very reason.

While we must abstain from adjudicating plaintiff's claim for declaratory relief, we must stay rather than dismiss accompanying claims for damages when such relief is not available in the ongoing state proceeding. *See, e.g., Williams v. Hepting,* 844 F.2d 138, 144–45 (3rd Cir.1988), *cert. denied,* 488 U.S. 851, 109 S.Ct. 135, 102 L.Ed.2d 107 (1988); *Monaghan v. Deakins,* 798 F.2d 632, 635 (3rd Cir.1986), *aff'd in relevant part,* 484 U.S. 193, 108 S.Ct. 523, 98 L.Ed.2d 529 (1988). This rule balances concerns for comity with the duty of federal courts to protect federal rights by "allow[ing] a parallel state proceeding to go forward without interference from its federal sibling, while enforcing the duty of federal courts to assume jurisdiction where jurisdiction properly exists." *Deakins v. Monaghan,* 484 U.S. 193, 202–203, 108 S.Ct. 523, 530, 98 L.Ed.2d 529 (1988) (internal quotes omitted).

Damages relief is not available to plaintiff in the context of his criminal prosecution. Therefore this court must stay his damages claims pending the final outcome of the state proceedings.