**Edna FRAZIER, Plaintiff,**

v.

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, Defendant.**

**No. 94–CV–4957.**

United States District Court, E.D. Pennsylvania.

Dec. 1, 1994.

---

Bruce L. Neff, Philadelphia, PA, for plaintiff.

John M. Phelan and Richard C. Biedrzycki, Phillips and Phelan, Philadelphia, PA, for defendant.

### MEMORANDUM AND ORDER

JOYNER, District Judge.

This civil matter has been brought before the Court by motion of the defendant, Southeastern Pennsylvania Transportation Authority (SEPTA). SEPTA is seeking an order dismissing Counts I–IV of the plaintiff's complaint, or in the alternative, an order awarding it summary judgment as to Counts I–IV of the complaint. Further, SEPTA has moved for a more definitive statement under Fed.R.Civ.P. 12(e) as to Count V of the plaintiff's complaint. For the reasons that follow, SEPTA's motion is granted in part and denied in part.

## I. HISTORY OF THE CASE

On April 17, 1985, the plaintiff, Edna Frazier, was a passenger on a SEPTA bus that stopped suddenly in the middle of a city block. Ms. Frazier subsequently initiated a personal injury claim against SEPTA seeking damages for injuries allegedly sustained as a result of the incident. During the course of this litigation, according to the complaint, SEPTA utilized video and other surveillance equipment to monitor Ms. Frazier's actions. Ms. Frazier alleges that she suffered emotional distress as a result of defendant SEPTA's conduct. Accordingly, she filed a second complaint in the Court of Common Pleas raising causes of action in intentional and negligent infliction of emotional distress and fraud and deceit, as well as a count seeking punitive damages.

SEPTA thereafter filed a preliminary objection seeking to dismiss Ms. Frazier's action on the theory that SEPTA, as an agency of the Commonwealth of Pennsylvania, was entitled to an immunity from suit under 42 Pa. Cons. Stat. Ann. §§ 8521–8522 (West 1982 & Supp.1994). Ms. Frazier responded by asserting that under Pennsylvania pleading practice the defense of sovereign immunity can only be raised by answer and new matter and not by preliminary objection. In the alternative, Ms. Frazier argued that SEPTA was not entitled to immunity from suit. On July 13, 1994, the Court of Common Pleas issued an order granting Ms. Frazier's preliminary objections and overruling SEPTA's preliminary objections.[1]

On July 25, 1994, Ms. Frazier filed an amended complaint seeking recovery from SEPTA for the alleged violations of her federal civil rights under 42 U.S.C. § 1983. SEPTA then removed the entire action to this Court premised on the original federal question jurisdiction over Ms. Frazier's civil rights claim and this court's supplemental and removal jurisdiction over the common law claims. Ms. Frazier contends that SEPTA maintains a policy, practice and custom of

---

1. Judge Nigro's order read in full as follows: "AND NOW, this 13th day of July, 1994, it is hereby ORDERED and DECREED that Defendant SEPTA's Preliminary Objections are OVERRULED. Defendant SEPTA's Preliminary Objec-

tions are hereby DISMISSED. It is further ORDERED and DECREED that Plaintiff Edna Frazier's Preliminary Objections are SUSTAINED and GRANTED."

engaging in "intentionally unsettling and intrusive surveillance" of injured claimants in order to discourage claims and punish those who bring claims against SEPTA. Ms. Frazier further alleges that SEPTA continued this surveillance even after SEPTA knew of Ms. Frazier's fragile mental state and persisted in an effort to render Ms. Frazier incompetent to testify at her own trial. In so doing, SEPTA violated a number of rights guaranteed to Ms. Frazier by the constitution and federal law.

SEPTA now brings this motion and asks this Court to dismiss Ms. Frazier's common law claims on the grounds that SEPTA is immune from suit under the Pennsylvania's sovereign immunity statute. Accordingly, SEPTA argues that Ms. Frazier's amended complaint fails to state a claim upon which relief can be granted. Additionally, SEPTA submits that Ms. Frazier should be required to file a more definite statement of her section 1983 claim. Because we conclude that SEPTA is not barred from raising the immunity defense, and that the immunity statute entitles SEPTA to an immunity from suit, we will dismiss the four counts law claims pleaded in Ms. Frazier's complaint. But since we also conclude that Ms. Frazier's civil rights claim has been pleaded in accordance with the Federal Rules of Civil Procedure, we will deny SEPTA's motion for a more definitive statement.

## II. DISCUSSION

### A. Standards Applicable to a Rule 12(b)(6) Motion

██ In considering a motion to dismiss pursuant to Rule 12(b)(6), the complaint's allegations must be construed favorably to the pleader. The court must accept as true all of the plaintiff's factual allegations and draw from them all reasonable inferences. *Schrob v. Catterson,* 948 F.2d 1402, 1405 (3d Cir.1991) (citations omitted). Thus, a court will grant a Rule 12(b)(6) motion only if there are no set of facts under which the non-moving party can prevail. *Markowitz v. Northeast Land Co.,* 906 F.2d 100, 103 (3d Cir.1990). Further, a complaint may be dismissed pursuant to Rule 12(b)(6) where the defendant contends that under the facts alleged he is entitled to immunity, even though immunity is generally characterized as an affirmative defense. *Jordan v. Fox, Rothschild, O'Brien & Frankel,* 787 F.Supp. 471, 480 (E.D.Pa.1992), *vacated on other grounds,* 20 F.3d 1250 (3d Cir.1994). With these principles in mind, the Court turns to the substance of SEPTA's motion.

### B. Issue Preclusion

██ Ms. Frazier argues that principles of issue preclusion bar SEPTA from raising the defense of sovereign immunity, since the Court of Common Pleas decided the issue when it overruled SEPTA's preliminary objections. Issue preclusion, or collateral estoppel, is a court-created rule that is intended to weed out issues previously litigated. Thus, issue preclusion serves to foreclose the "relitigation of all matters that were actually and necessarily determined in a prior suit." *Purter v. Heckler,* 771 F.2d 682, 689 n. 5 (3d Cir.1985) (citation omitted). In order for issue preclusion to apply, therefore, the issue raised in the prior proceeding must have been decided on the merits. *Nelson v. Howard,* 810 F.Supp. 161, 163 (E.D.Pa.1992) ("[I]t is fundamental that in order for a claim to be barred by collateral estoppel there must have been a prior final judgment on the merits of the claim."). Accordingly, under Pennsylvania law, issue preclusion will bar the relitigation of an issue as long as (1) the issue was actually litigated; (2) the issue was determined by a valid and final judgment; and (3) the determination was essential to the judgment. *O'Leary v. Liberty Mut. Ins. Co.,* 923 F.2d 1062, 1065–66 (3d Cir.1991) (citing Restatement (Second) of Judgments § 27 (1982); *Clark v. Troutman,* 509 Pa. 336, 340, 502 A.2d 137, 139 (1985)).

██ Applying these principles to the matter at hand, it is apparent that Ms. Frazier cannot prevent SEPTA from raising the defense of immunity by relying on the issue preclusion doctrine. At the outset, issue preclusion cannot apply because the matter was never "actually litigated" or determined in the prior proceeding. In order for an issue to be actually litigated for purposes of the doctrine, the issue must be raised, submitted for determination, and determined. *Id.* at

1066. While the issue of immunity was raised and briefed by SEPTA in the prior proceeding, and briefed as an alternative theory by Ms. Frazier, the order of the Court of Common Pleas contained neither a statement of the reasons for the decision nor a supplement providing an opinion explaining the rationale. Thus, it is unclear whether the Court of Common Pleas ruled in Ms. Frazier's favor on the merits of the issue or on procedural grounds. In view of this ambiguity, this Court cannot conclude that the matter was "determined" by the Court of Common Pleas.

Further militating against the invocation of the issue preclusion doctrine in the instant matter are the Pennsylvania decisions recognizing the broad applicability of the immunity shield. These decisions draw their power from the Supreme Court of Pennsylvania's pronouncement regarding governmental immunity in *In Re Upset Sale of Properties (Skibo)*, 522 Pa. 230, 560 A.2d 1388 (1989). In that case, the court stated that the "[d]efense of governmental immunity is an absolute defense ... and is not waivable, nor is it subject to any procedural device that could render a governmental agency liable beyond the exceptions granted by the legislature." *Id.* at 1389 (citation omitted). Courts interpreting *Skibo* have recognized that governmental immunity constitutes " 'a substantive right designed to protect [a local agency's] very existence' by preventing the agency from being 'engulfed in a tidal wave of liability' and unnecessary, costly and time-consuming litigation." *City of Philadelphia v. Glim*, 149 Pa.Commw. 491, 613 A.2d 613, 618 (1992) (quoting *Skibo*, 560 A.2d at 1389).

Accordingly, under Pennsylvania law, a bare order overruling a defendant's preliminary objections in which the immunity defense had been raised does not preclude the defendant from raising the defense again at a later stage. Indeed, the *Glim* court held that "the defense of governmental immunity was not waived where it had been raised in preliminary objections rather than in a responsive pleading under the heading 'New Matter.' " *Id.*, 613 A.2d at 619 (citation omitted). The court concluded that although the trial court had overruled the City's preliminary objections asserting the governmental immunity defense, the same court, through a different trial judge, had the authority to grant City's subsequent motion for judgment on the pleadings on the governmental immunity grounds. *Id.; see Williams v. City of Philadelphia*, 131 Pa.Commw. 71, 569 A.2d 419, 421 (1990) ("[W]here a trial judge overrules a preliminary objection without issuing an opinion, a second trial judge of the same court may grant a motion on the pleadings even if the basis of the motion is identical to the preliminary objections."). These cases clearly set forth the rule that the immunity defense is not waivable and may be raised even after a preliminary objection raising the defense has been overruled. As a result, this Court holds that SEPTA is not estopped from asserting the sovereign immunity defense.

### C. Sovereign Immunity

SEPTA asserts that it is immune from liability on Ms. Frazier's counts regarding intentional infliction of emotional distress, negligent infliction of emotional distress, fraud and punitive damages pursuant to Pennsylvania's immunity scheme. It is well established that SEPTA is an agency of the Commonwealth and as such is afforded all of the sovereign immunity protections enumerated in sections 8521 through 8526. *Feingold v. SEPTA*, 512 Pa. 567, 517 A.2d 1270, 1276 (1986); *Williamson v. SEPTA*, 154 Pa.Commw. 448, 624 A.2d 218, 222 (1993); *Evans v. SEPTA*, 149 Pa.Commw. 376, 613 A.2d 137, 138 (1992); *Martz v. SEPTA*, 143 Pa.Commw. 25, 598 A.2d 580 (1991); *Chambers v. SEPTA*, 128 Pa.Commw. 368, 563 A.2d 603 (1989).

Thus, pursuant to the immunity scheme, "the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity." 1 Pa. Cons. Stat. Ann. § 2310 (West 1982 & Supp. 1994). The Pennsylvania General Assembly has elected to waive sovereign immunity only in a limited number of cases. Accordingly, Pennsylvania's immunity statute provides

that "[e]xcept as otherwise provided in this subchapter, no provision of this title shall constitute a waiver of sovereign immunity." 42 Pa. Cons. Stat. Ann. § 8521(a) (West 1992). The immunity statute does, however, provide for exceptions to the general rule of immunity. Accordingly, a Commonwealth party will not be immune if two conditions are met and the alleged harm arises from one of the acts set forth in the section. The conditions are: (1) the cause of action arose out of acts which would, under normal circumstances, expose the actor to liability pursuant to either statutory or common law; and (2) the damages arise "out of a negligent act." § 8522(a). Thus, a Commonwealth party cannot be held liable for damages arising out of intentional torts. *See Faust v. Commonwealth, Dep't of Revenue,* 140 Pa. Commw. 389, 592 A.2d 835, 839 (1991) (holding Commonwealth defendants immune from claims arising from intentional torts), *appeal denied,* 530 Pa. 647, 607 A.2d 257 (1992). In addition to these conditions, the injury must arise out of one of nine enumerated acts before liability may be imposed upon a Commonwealth party. These include: (1) vehicle liability; (2) medical-professional liability; (3) care, custody or control of personal property; (4) Commonwealth real estate, highways and sidewalks; (5) potholes and other dangerous conditions (6) care, custody or control of animals; (7) liquor store sales; (8) National Guard activities; and (9) toxoids and vaccines. § 8522(b)(1)–(9) (West 1982 & Supp. 1994).

◼ Ms. Frazier's claims of intentional infliction of emotional distress and fraud are both intentional torts. Since a plaintiff cannot recover against a Commonwealth party for claims based upon intentional torts, no liability can attach to these causes of action. In addition, her claim of negligent infliction of emotional distress also must fail because the facts giving rise to this claim, video and regular surveillance, are not among the nine exceptions to the government immunity defense.[2]

◼ With respect to Ms. Frazier's punitive damages claim, it has traditionally been held that government agencies are exempt from the imposition of punitive damages. *See Feingold,* 517 A.2d at 1276–77 & n. 8 ("The only damages which are permitted against the Commonwealth, either by order of this Court or by statute, are those that are compensatory in nature."). Specifically, the court in *Feingold* held that SEPTA was immune from the imposition of punitive damages given its status as an agent of the Commonwealth and the absence of any waiver of immunity for punitive damages. *Id.* Accordingly, it would be inappropriate to assess punitive damages against defendant SEPTA. Additionally, punitive damages are unavailable under Ms. Frazier's section 1983 claim. *Bolden v. SEPTA,* 953 F.2d 807, 830–31 (3d Cir.1991) (holding SEPTA immune from punitive damages under § 1983), *cert. denied,* —— U.S. ——, 112 S.Ct. 2281, 119 L.Ed.2d 206 (1992). As a result, Ms. Frazier's claim for punitive damages must also be dismissed.

### D. Section 1983 Claim

◼ SEPTA argues that Ms. Frazier should be required to file a more definite statement of her section 1983 claim. Specifically, SEPTA contends that the complaint should have contained the dates, places, and names of persons involved in the alleged surveillance. Section 1983 provides as follows:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States

---

2. Ms. Frazier's claim of negligent infliction of emotional distress does not survive under the vehicle liability exception. Although her initial lawsuit was predicated upon a 1985 bus accident, the injuries claimed here are allegedly the result of SEPTA's use of video and regular surveillance to discredit Ms. Frazier. Therefore, because Ms. Frazier's alleged injuries do not arise out of the operation of a motor vehicle, her claims do not fall within that exception. *See*

*Love v. City of Philadelphia,* 518 Pa. 370, 543 A.2d 531 (1988) (illustrating that a plaintiff must be injured while a motor vehicle is in actual operation to have a claim under this exception to governmental immunity); *Mascaro v. Youth Study Ctr.,* 514 Pa. 351, 523 A.2d 1118, 1123 (1987) (noting that exceptions to governmental immunity are to be "narrowly interpreted given the expressed legislative intent to insulate political subdivisions from tort liability").

or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding *for re-dress.*

42 U.S.C.A. § 1983 (West 1994). Thus, to properly state a section 1983 claim, a plaintiff must allege a deprivation of a right guaranteed by the Constitution or the laws of the United States by a defendant acting under color of law. *Tunstall v. Office of Judicial Support,* 820 F.2d 631, 633 (3d Cir.1987) (citing *Flagg Brothers, Inc. v. Brooks,* 436 U.S. 149, 155, 98 S.Ct. 1729, 1732–33, 56 L.Ed.2d 185 (1978)). Further, there is no requirement that the facts supporting a section 1983 claim be pleaded with a heightened degree of particularity. A section 1983 claim is sufficiently set forth as long as the facts supporting the claim are pleaded in accordance with the Federal Rules of Civil Procedure. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* —— U.S. ——, ——, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (1993). Accordingly, SEPTA's request for a more definitive statement must be denied if the complaint sets forth "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* (citations and internal quotations omitted).

A motion for a more definitive statement will be granted only "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed.R.Civ.P. 12(e); *Arthur A. Aranson, Inc. v. Ing–Rich Metal Products Co.,* 12 F.R.D. 528, 530 (W.D.Pa. 1952). Thus, a motion for a more definitive statement is generally disfavored, and is used to provide a remedy for an unintelligible pleading rather than as a correction for a lack of detail. *Resolution Trust Corp. v. Gershman,* 829 F.Supp. 1095, 1103 (E.D.Mo. 1993) (citations omitted). Turning to Ms. Frazier's complaint, this Court concludes that the pleading meets the liberal standard set forth in the Federal Rules of Civil Procedure. The complaint provides, in pertinent part, as follows:

56. At all relevant times SEPTA established and maintained, with deliberate indifference to the consequences, a policy, practice or custom of engaging in intentionally unsettling and intrusive surveillance of injury claimants and more specifically of Plaintiff in order to discourage claims and to punish those who bring claims.

57. This policy of engaging in intentionally unsettling and intrusive surveillance was vigorously applied towards Plaintiff in a deliberate and/or reckless effort to prey on Plaintiff's mental weaknesses and frailties previously known to and ascertained by Defendant.

By engaging in this conduct, the complaint contends, SEPTA violated a number of Ms. Frazier's constitutional rights, including the rights to personal security, liberty, security in one's person, substantive due process, and privacy as guaranteed by the First, Fourth, Ninth, Tenth and Fourteenth Amendments to the United States Constitution. Thus, the complaint affords SEPTA with notice as to the nature and basis of Ms. Frazier's claim. The information SEPTA seeks, the specific facts surrounding the allegedly unconstitutional surveillance, is obtainable through discovery. *See Wheeler v. United States Postal Service,* 120 F.R.D. 487, 488 (M.D.Pa.1987) (noting that "[a] motion for a more definitive statement is not a substitute for the discovery process"). Because Ms. Frazier's complaint adequately sets forth the basis for the relief she seeks under section 1983, SEPTA's motion for a more definitive statement will be denied.

### III. *SUMMARY AND CONCLUSION*

Since we have decided that SEPTA cannot be sued under the common law claims set forth in the complaint, SEPTA's motion to dismiss counts I–IV of Ms. Frazier's complaint will be granted. However, SEPTA's motion for a more definite statement of Ms. Frazier's civil rights claim will be denied. An appropriate order follows.

## ORDER

AND NOW, this 1st day of December, 1994, upon consideration of the Defendant's Motion to Dismiss Counts I–IV of Plaintiff's Complaint and for a More Definitive Statement regarding Count V of the Complaint, it is hereby ordered, for the reasons set forth in the preceding memorandum, that the Motion is GRANTED IN PART and DENIED IN PART as follows:

1. The Defendant's Motion to Dismiss Counts I–IV is GRANTED. Counts I–IV of Plaintiff's Complaint are hereby DISMISSED with prejudice.

2. The Defendant's Motion for a More Definitive Statement regarding Count V is DENIED.