Gloria FAULK, et al., Plaintiffs,

v.

**HOME OIL COMPANY, INC., and James Quintero, Defendants.**

Civil Action No. 96–A–1384–N.

United States District Court,
M.D. Alabama,
Northern Division.

April 11, 1997.

Ann C. Robertson, Maury Steven Weiner, Gordon, Silberman, Wiggins & Childs, Birmingham, Bobbie S. Crook, Dothan, for Plaintiffs.

Wesley C. Redmond, Frank S. James, III, Berkowitz, Lefkovits, Isom & Kushner, Birmingham, for Defendants.

### Memorandum Opinion & Order

ALBRITTON, District Judge.

On September 4, 1996, Gloria Faulk, Emma McLeod, Cassandra Hodo, Robert Condrey, Ella Faye Evans, Pamela R. Humphrey, Harvette Culver, Sherrie Cunningham, Frances L. Myles, Tommy R. Grubbs, Virginia Tatum, Esther West, Mary Grover, Norma Kinsman, and Kim Whitehurst ("Plaintiffs") filed their Complaint in this court against Home Oil Company, Inc. ("Home Oil"), and James Quintero (collectively referred to as the "Defendants"). The Plaintiffs allege federal causes of action under 42 U.S.C. § 1981, and 42 U.S.C. § 2000e *et seq.* (hereafter referred to as Title VII) as well as a state-law cause of action for the tort of outrage. The case is presently before the court on Defendant Home Oil's Motion to Dismiss and the Defendants' Motion for a More Definite Statement filed on November 7, 1996.

### Discussion

#### 1. Defendant Home Oil's Motion to Dismiss

Defendant Home Oil first asserts that Plaintiffs Virginia Tatum, Esther West, Mary Grover, Norma Kinsman, and Karen Whitehurst, all of whom are white, are due to be dismissed from this lawsuit under Fed. R.Civ.P. 12(b)(6). Defendant Home Oil con-

tends that the above named Plaintiffs do not allege that their own statutory rights have been violated, but rather, attempt to assert claims concerning alleged discrimination by Defendant Home Oil towards members of another race. According to Defendant Home Oil, the white Plaintiffs' allegations that they were offended by the alleged racial hostility of Defendant Home Oil towards African Americans and were forced to work longer hours because of that alleged discrimination fail to state a claim upon which relief can be granted.

A Rule 12(b)(6) motion questions the legal sufficiency of a complaint. Therefore, in assessing the merit of the motion, the court will accept as true all well-pleaded factual allegations. *See Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984); *Powell v. Lennon.* 914 F.2d 1459, 1463 (11th Cir.1990). Furthermore, a court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. *See Hishon,* 467 U.S. at 73, 104 S.Ct. at 2232–33 (1984); *see also Wright v. Newsome,* 795 F.2d 964, 967 (11th Cir.1986) ("[W]e may not ... [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief.") (citation omitted). The court recognizes that a plaintiff must meet only an "exceedingly low" threshold to survive a Rule 12(b)(6) motion. *Ancata v. Prison Health Services, Inc.,* 769 F.2d 700, 703 (11th Cir.1985) (citation omitted).

Defendant Home Oil's Motion to Dismiss hinges on their contention that the white Plaintiffs are attempting to maintain a cause of action based on allegations that Defendant Home Oil discriminated against other persons of a different race. The Plaintiffs counter that the white Plaintiffs have alleged that their federally protected rights have been violated. According to the Complaint, the white Plaintiffs were offended by Defendant Home Oil's conduct, were forced to work inordinate hours without sufficient staff be-

cause of that conduct, and were denied a work environment free of racial discrimination as well as the benefits of associating with persons of other racial groups.

In *Equal Employment Opportunity Commission v. Mississippi College,* 626 F.2d 477 (5th Cir.1980), the Fifth Circuit [1] concluded that, although the plaintiff was white " § 706 of Title VII permits [the plaintiff] to file a charge asserting that Mississippi College discriminated against blacks on the basis of race in recruitment and hiring." *Id.* at 483. The court stressed, however, that a plaintiff cannot assert the rights of others, rather, the court explained that a plaintiff "may charge a violation of her own personal right to work in an environment unaffected by racial discrimination." *Id.*

In reaching that conclusion, the Fifth Circuit relied on the Supreme Court decision in *Trafficante v. Metropolitan Life Insurance Co.,* 409 U.S. 205, 93 S.Ct. 364, 34 L.Ed.2d 415 (1972). In *Trafficante,* the Supreme Court held that since the term "person aggrieved" in § 810 of the Fair Housing Act, 42 U.S.C. § 3610(a) was defined very broadly, a plaintiff has standing to assert a claim alleging an injury in the form of "the loss of important benefits from interracial associations...." *Id.* at 482. Accordingly, the white plaintiffs in *Trafficante* had standing to challenge the alleged discrimination against nonwhites by filing complaints under the Fair Housing Act. Because of the strong similarities between Title VII and the Fair Housing Act, the Fifth Circuit held that "Title VII must be construed in the same manner that *Trafficante* construed the term 'aggrieved person' in § 810 of the Fair Housing Act." *Mississippi College,* 626 F.2d at 482.

The court concludes that the white Plaintiffs have adequately alleged that Defendant Home Oil discriminated against African Americans by refusing to hire and/or promote African American employees and by subjecting them to a hostile work environment and that because of that discrimination the white Plaintiffs were denied a work environment free of racial discrimination and were denied the benefits of interracial associ-

---

1. Decisions of the Fifth Circuit prior to October 1, 1981 are binding in the Eleventh Circuit.

*Bonner v. City of Prichard, Ala.,* 661 F.2d 1206, 1210 (11th Cir.1981).

ation. Accordingly, the court finds that the white Plaintiffs can maintain an action based on the Defendants' alleged actions which denied them the benefits of interracial association.

### 2. Defendants' Motion for a More Definite Statement

■ The Defendants have also moved for a more definite statement of the Plaintiffs' claims pursuant to Fed.R.Civ.P. 12(e). Under Rule 12(e) a party may move for a more definite statement when the plaintiff's complaint is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading. . . ." In general, motions for a more definite statement are disfavored under the liberal pleading approach of the Federal Rules. *See Campbell v. Miller*, 836 F.Supp. 827 (M.D.Fla.1993); *Aventura Cable Corporation v. Rifkin / Narragansett South Florida CATV Limited Partnership*, 941 F.Supp. 1189 (S.D.Fla.1996). "The motion is intended to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail." *Aventura*, 941 F.Supp. at 1195; *see also Campbell*, 836 F.Supp. at 832; *Frazier v. Southeastern Pennsylvania Transp. Auth.*, 868 F.Supp. 757, 763 (E.D.Pa.1994).

■ The Defendants contend that the Plaintiffs' Complaint contains only broad-brush, general allegations of fact, does not contain any specific allegations concerning the Plaintiffs' injuries and does not provide reasonable notice to the Defendants of the claims that they are required to defend. The court finds, however, that the Plaintiffs' Complaint is in substantial compliance with Fed.R.Civ.P. 8(a) in that the Complaint informs the Defendants of the nature of the Plaintiffs' claims against them and is not so insufficient that it would be unreasonable to require the Defendants to frame a responsive pleading. The lack of specificity in the Plaintiffs' Complaint can be adequately addressed through appropriate methods of discovery.

### Conclusion

On the basis of the foregoing analysis, the court concludes that Defendant Home Oil's Motion to Dismiss and the Defendants' Mo-tion for a More Definite Statement are due to be and are hereby DENIED.

Defendants are DIRECTED to file their Answer to the Complaint by April 21, 1997.