**Alexandra BETANCOURT, Plaintiff,**

v.

**MARINE CARGO MANAGEMENT, INC., Defendant.**

**No. 96–1194–CIV.**

United States District Court, S.D. Florida.

June 21, 1996.

Raul Cossio, Miami, FL, for Plaintiff.

Mary E. Scoville, Miami, FL, for Defendant.

*ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT*

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Or, in the Alternative, Motion for More Definite Statement, filed May 28, 1996. Plaintiff filed a response on June 6, 1996, and Defendant filed its reply on June 14, 1996.

## I.  Factual Background

Plaintiff seeks to remedy alleged sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* Plaintiff, a nineteen year-old woman, was employed by Defendant from February to September 1995. (Compl. ¶ 10.) She alleges that her supervisor, Miguel Encines, created a sexually hostile work environment and inflicted "constant sexual harassment" on her. (Compl. ¶¶ 14, 15.) According to Plaintiff, Mr. Encines "grabbed his private parts while trying to grab her breasts," "grabbed and squeezed her buttocks [while] making sexual comments," and "insist[ed] Plaintiff touch his crotch," among other things. (Compl. ¶ 14.) Defendant purportedly failed to take remedial action, prompting Plaintiff's suit. (Compl. ¶ 15.)

The Complaint is in nine counts, seven of which Defendant seeks dismissed or more clearly pled. Counts I and II allege sexual discrimination and are brought pursuant to Title VII and the Florida Civil Rights Act, respectively. The bulk of the remaining counts are grounded in intentional tort: battery (Count III), assault (Count IV), intentional infliction of emotional distress (Count V), and invasion of privacy (Count VI). Count VII, captioned "Retaining," appears to claim that Defendant negligently retained Plaintiff's alleged harasser. Defendant poses no challenge to Counts VIII and IX, which allege negligent supervision and negligent failure to maintain a workplace free of sexual harassment.

## II. Legal Standard

A motion to dismiss will be granted where it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations. "[D]ismissal is justified only when the allegations of the complaint itself clearly demonstrate that plaintiff does not have a claim." 5A Wright & Miller, *Federal Practice and Procedure* § 1357; *see also Bradberry v. Pinellas County*, 789 F.2d 1513, 1515 (11th Cir.1986). For the purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff, and all facts alleged by the plaintiff are accepted as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984). The issue is not whether the plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

A motion for more definite statement is appropriate if a pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed.R.Civ.P. 12(e). Upon motion that points to the purported defects and the details desired, the Court may order the filing of a more definite statement. In considering such a motion, the Court should be mindful of the liberal pleading requirements of the Federal Rules of Civil Procedure, pursuant to which a "short and plain statement of the claim" will suffice. Fed.R.Civ.P. 8(a)(2).

## III. Analysis

In order to state a claim for hostile work environment sexual harassment, Plaintiff must establish the following elements: 1) that the employee belongs to a protected group; 2) that the employee was subjected to "unwelcome" sexual harassment; 3) that the harassment complained of was based on sex; 4) that the harassment affected a term, condition, or privilege of employment in that it was sufficiently severe or pervasive so as to alter the conditions of the victim's employment and create an abusive working atmosphere; and 5) *respondeat superior.* *Steele v. Offshore Shipbuilding, Inc.*, 867 F.2d 1311,

1315 (11th Cir.1989); *Henson v. City of Dundee*, 682 F.2d 897, 903–05 (11th Cir.1982).

A claim for constructive discharge requires a showing that "the work environment and conditions of employment were so unbearable that a reasonable person in that person's position would be compelled to resign." *Virgo v. Riviera Beach Assoc., Ltd.*, 30 F.3d 1350, 1363 (11th Cir.1994).

### A. Counts I and II: Hostile Work Environment

The gravamen of Defendant's motion is that the Complaint is devoid of "crucial material facts" in support of Plaintiff's claims of sexual harassment. (Mot. at 3.) Specifically, Defendant argues that Plaintiff's claim is flawed by her failure to properly allege that the harassment affected a term, condition, or privilege of her employment. Although Defendant itself appears to confuse the fourth and fifth elements of a properly alleged claim, its argument is otherwise well taken. Plaintiff alleges that Mr. Encines engaged in five kinds of offensive behavior, which taken together "created a sexually hostile atmosphere" and "constitutes conditions in which no reasonable person could continue to work." (Compl. ¶¶ 14, 19.) This, she states, violated the statutes by "discriminating against [her] because of her sex in the terms, conditions, and privileges of her employment." (Compl. ¶ 20.)

A motion for more definite statement is not a substitute for discovery. *Campbell v. Miller*, 836 F.Supp. 827, 832 (M.D.Fla.1993). Nonetheless, Defendant is entitled to know at the outset whether and how Plaintiff was terminated, demoted, unable to work, or constructively discharged. The language of the Complaint alludes to the latter. (*See* Compl. ¶ 19.b.)

Defendant is additionally entitled to notice of the frequency of the alleged harassment. Plaintiff states that all of Mr. Encines' offensive behavior occurred "on more than one occasion." (Compl. ¶ 14.) The frequency of the harassment is one factor that bears upon a finding of actionable harassment. *See Harris v. Forklift Systems, Inc.*,

510 U.S. 17, 22–24, 114 S.Ct. 367, 371, 126 L.Ed.2d 295 (1993).

The Court concludes that Counts I and II withstand Defendant's motion to dismiss. Defendant is, however, entitled to a more definite statement on the effect of the alleged harassment regarding the terms, conditions, or privileges of Plaintiff's employment, as well as elucidation on the frequency of the harassment.

### B. Counts III–IX: Common Law Tort Claims

The remainder of Plaintiff's Complaint encompasses common law claims for battery (Count III), assault (Count IV), intentional infliction of emotional distress (Count V), invasion of privacy (Count VI), negligent retention (VII), negligent supervision (Count VIII), and negligent failure to maintain a workplace free of sexual harassment (Count IX).

A District Court may decline to exercise supplemental jurisdiction over a claim that "raises a novel or complex issue of State law" and "substantially predominates over the claim or claims over which the district court has original jurisdiction...." 28 U.S.C. § 1367(c).

The Court concludes that Plaintiff's common law claims would present issues of state law not appropriate for disposition in the same suit as Plaintiff's claims for sexual harassment. Trial of the issues together would engender confusion for a jury. Moreover, the common law claims would predominate over the federal employment discrimination claim over which the Court has original jurisdiction. Counts III through IX of Plaintiff's Complaint should therefore be dismissed without prejudice to file in state court, if Plaintiff be so advised.

### IV. Conclusion

Accordingly, after a careful review of the record, and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that Defendant's Motion to Dismiss, Or in the Alternative, Motion for More Definite Statement be, and the same is hereby, GRANTED IN PART. As to Counts I and II, Defendant's Motion for More Definite Statement is GRANTED to the extent discussed in Section III. A., *supra*. As to Counts III through IX, Defendant's Motion to Dismiss is GRANTED without prejudice to file in state court, if Plaintiff be so advised. It is

FURTHER ORDERED and ADJUDGED that Plaintiff file a more definite statement by no later than July 1, 1996. Defendant shall then answer the Complaint by July 12, 1996.

DONE and ORDERED.