ADELPHIA CABLE PARTNERS, L.P.,
d/b/a Adelphia Cable Communications,
Plaintiff,

v.

E & A BEEPERS CORPORATION, d/b/a
E & A Beepers & Cellular Media Tech
International, Inc., Videotron Incorpo-
rated, George Lee, and Arturo Morales,
Defendants.

No. 99–1280–CIV–KING.

United States District Court,
S.D. Florida,
Miami Division.

Aug. 6, 1999.

Kenneth Hartmann, Miami, FL, for plaintiff.

Michael Petit, J.C. Elso, Miami, FL, for defendant.

## ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS

JAMES LAWRENCE KING, District Judge

THIS CAUSE comes before the Court on the Motion To Dismiss filed by Defendants E & A Beepers Corporation ("E & A") and Arturo Morales ("Morales") on May 27, 1999. Defendants Media Tech International, Inc. ("Media Tech"), Videotron Incorporated ("Videotron"), and George Lee ("Lee") filed a virtually identical Motion To Dismiss on June 1, 1999. Plaintiff filed a combined response to Defendants' Motions on June 14, 1999.

### I. Factual Background

Plaintiff, a Delaware limited partnership authorized to conduct business in Florida, is a multi-system cable operator that constructs, operates, and maintains cable television systems pursuant to franchise agreements with various municipalities and other political subdivisions. *See* Compl. at ¶¶ 3, 9. Defendants E & A, Media Tech, and Videotron are Florida corporations with their principal places of business in Florida. *See id.* at ¶¶ 4–6. Defendant Lee is an officer of Media Tech and Videotron; Defendant Morales operates and/or is employed by E & A, is an officer of Media Tech, and is an employee of Videotron. *See id.* at ¶¶ 7–8.

Plaintiff provides cable television services to subscribers who request and pay for such services within its franchise areas. *See id.* at ¶¶ 9, 12. Plaintiff delivers its programming using two methods: (1) producer-originated programming, which is transmitted via orbiting satellites to various head-end facilities, including those owned or used by Plaintiff, and (2) other programming, which is transmitted via radio transmissions to off-air antennas, including those owned or used by Plaintiff, which are then transmitted to the head-end facilities. *See id.* at ¶¶ 10–11. At the head-end facilities, both types of programming are encoded, or "scrambled," and then transmitted to subscribers by means of coaxial and/or fiber optic cable. *See id.* Plaintiff scrambles its programming in order

to prevent unauthorized reception. *See id.* at ¶ 15. For a monthly fee, Plaintiff provides subscribers with an addressable converter to decode the scrambled programming, which de-scrambles only those programming services purchased by the subscriber. *See id.* Plaintiff's subscribers pay a monthly fee for programming services, and receive only that level of service selected. *See id.* at ¶ 14.

Plaintiff alleges that Defendants have been engaged in a scheme to modify, manufacture, advertise for sale, promote, distribute and sell modified or "pirate" cable television decoders and equipment to intercept Plaintiff's encoded cable television programming services without authorization. *See id.* at ¶¶ 17–19. Plaintiff further alleges that Defendants have engaged in this activity with specific intent and knowledge that such devices and equipment would be used to intercept and receive Plaintiff's scrambled programming services by persons not authorized to receive them. *See id.* Plaintiff brings suit seeking declaratory relief, monetary and/or statutory damages, and full costs for Defendants' alleged violation of federal [47 U.S.C. §§ 553(a)(1) in Count I, and 47 U.S.C. §§ 605(a) and 605(e)(4) in Count II] and state [Section 812.15 of the Florida Statutes in Count III] law. *See id.* at ¶¶ 21–44. In Count IV, Plaintiff requests that the Court impose a constructive trust on the revenues and profits diverted from Plaintiff in order to prevent Defendants' unjust enrichment. *See id.* at ¶¶ 45–50.

Defendants argue that all four Counts of the Complaint should be dismissed. First, as to Counts I and II, Defendants assert that the Complaint fails to state a cause of action upon which relief can be granted because Plaintiff has not established that it is a "person aggrieved" as defined by the federal statutes governing radio and television communications. *See* Defs.' Mots., at 2–3. Alternatively, Defendants move for a more definite statement ordering Plaintiff to state whether the alleged cable box purchases actually were made by Plaintiff's subscribers, whether the alleged purchases were made by persons residing within Plaintiff's franchise areas, and when and where these alleged transactions for the purchase of the cable boxes occurred. *See id.* at 3. Second, Defendants seek dismissal of Count III, urging the Court not to exercise supplemental jurisdiction over an allegedly novel issue of state law that allegedly predominates over federal claims. *See id.* at 3–4. Finally, Defendants move to dismiss Count IV, arguing that Plaintiff has an adequate remedy at law and fails to allege a confidential relationship as required by Florida law governing constructive trusts. *See id.* at 4.

Plaintiff contests Defendants' Motions on all grounds. With respect to Counts I and II, Plaintiff quotes statutory language that indicates it qualifies as a "person aggrieved." *See* Pl.'s Resp., at 2–6. As to Count III, Plaintiff argues that there is no significant disparity between the elements of proof that would be required to prove liability under the Florida statute and federal law. *See id.* at 7–9. Finally, Plaintiff challenges Defendants' characterization of the requirements of a constructive trust claim, asserting that the adequacy of a legal remedy does not preclude such equitable relief and that a confidential relationship between the parties is not a necessary prerequisite. *See id.* at 9–10.

## II. Legal Standard

A motion to dismiss will be granted only where it is clear that no set of facts consistent with the allegations could provide a basis for relief. "It is well established that a complaint should not be dismissed for failure to state a claim pursuant to Fed.R.Civ.Pro. 12(b)(6) 'unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief.'" *Bradberry v. Pinellas County,* 789 F.2d 1513, 1515 (11th Cir.1986) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). For purposes of a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and accept as true all facts alleged by the plaintiff. *See Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). The issue is not whether the plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Little v. City of N. Miami,* 805 F.2d 962, 965 (11th Cir.1986) (citation omitted).

## III. Analysis

### A. Counts I and II—Plaintiff's Federal Law Claims

#### 1. Motions To Dismiss

■ The federal · statutes under which Plaintiff brings this action, 47 U.S.C. §§ 553 and 605, are aimed at combating the piracy of radio and television signals. Both statutes have been held applicable to the piracy of cable television through the use of illegal descramblers or "black boxes." *See Time Warner Cable of New York City v. Freedom Elecs. Inc.*, 897 F.Supp. 1454 (S.D.Fla.1995).

Under Section 605, only a "person aggrieved" has standing to institute legal action to combat piracy. A "person aggrieved" is defined as including "any person with proprietary rights in the intercepted communication by wire or radio, including wholesale or retail distributors of satellite cable, programming, and ... any person engaged in the lawful manufacture, distribution, or sale of equipment necessary to authorize or receive satellite cable programming." 47 U.S.C. § 605(d)(6) (West 1998). The legislative history of the 1984 amendments to Section 605 further elucidates this provision, counseling that the term "shall be broadly interpreted by the courts in such cases and shall include those with any rights in the intercepted radio communications. Such persons would include but are not limited to, owners of the programming being transmitted as well as senders of the signal embodying the programming transmitted." *Joe Hand Promotions, Inc. v. Rennard St. Enters., Inc.*, 975 F.Supp. 746, 753 (E.D.Pa. 1997), *quoting* H.R.Rep. No. 934, 98 Cong., 2d Sess., 83, *reprinted in* 1984 U.S.C.C.A.N. 4750. Federal courts consistently have held that a cable operator who has a proprietary interest in programming that is capable of being intercepted is a "person aggrieved" for purposes of Section 605. *See, e.g., Showtime/The Movie Channel, Inc. v. Covered Bridge Condominium Ass'n, Inc.*, 881 F.2d 983 (11th Cir.1989), *vacated due to settlement*, 895 F.2d 711 (1989), *MediaOne of Del.,*

*Inc. d/b/a MediaOne v. E & A Beepers and Cellulars, et al.*, 43 F.Supp.2d 1348.[1]

■ In its Complaint, Plaintiff specifically alleges that it is a distributor of cable programming, and that it lawfully distributes to subscribers the equipment necessary to receive such programming. *See* Compl. at ¶¶ 9–16. These allegations bring Plaintiff within the statutory definition of "person aggrieved" by Defendants' alleged unauthorized manufacture and distribution of decoding devices and equipment. Viewing the Complaint in the light most favorable to Plaintiff, Plaintiff clearly qualifies as a "person aggrieved" by Defendants' alleged conduct, and is thereby authorized to institute Section 605 and 553 actions against Defendants. As such, Defendants' Motions To Dismiss Counts I and II of the Complaint must be denied.

#### 2. Motions For More Definite Statement

Defendants move in the alternative for a more definite statement, requesting an order that Plaintiff provide them with information as to whether the cable box purchases were actually made by Plaintiff's subscribers, whether the purchases were made by persons residing within Plaintiff's geographic franchise areas, and when and where the interception transactions occurred. *See* Defs.' Mots., at 3.

■ A motion for more definite statement will only be granted where the pleading is so vague or ambiguous that the opposing party cannot respond in good faith or without prejudice to himself. *See Campbell v. Miller*, 836 F.Supp. 827, 832 (M.D.Fla.1993). The Federal Rules impose this heavy burden because the purpose of pleading is "to give notice rather than to provide those details of the issues and evidence which would eventuate at trial." *Bazal v. Belford Trucking Co., Inc.*, 442 F.Supp. 1089, 1102 (S.D.Fla.1977).

---

1. Although Section 553 does not have an explicit definition of "person aggrieved," federal courts have interpreted that provision as conferring standing on essentially the same class of plaintiffs as Section 605. *See, e.g., Storer Communications, Inc. v. Mogel*, 625 F.Supp. 1194, 1985 U.S.Dist.LEXIS 23783 (S.D.Fla.1985).

■ Plaintiff's Complaint is sufficiently definite to provide Defendants with adequate notice to furnish an Answer. The specific facts Defendants seek will emerge through discovery; at this stage in the proceedings, the Court cannot say that Plaintiff should not be entitled to offer evidence in support of its claims. As such, Defendants' Motion For More Definite Statement must be denied.

### B. Count III—Plaintiff's State Law Claim

Federal courts may exercise supplemental jurisdiction over state law claims that are related to the federal claim or that form part of the same case or controversy. *See* 28 U.S.C. § 1367(a) (West 1998). However, a district court may decline to exercise supplemental jurisdiction over a state law claim if it raises a novel or complex issue of state law or substantially predominates over the federal claim(s). *See* 28 U.S.C. § 1367(c) (West 1998).

Defendants argue that, since Section 812.15 of the Florida Statutes has been law for only a year, its novelty counsels against this Court exercising supplemental jurisdiction. *See* Defs.' Mots., at 3–4. Defendants contend further that Section 812.15 requires completely different elements of proof that are separate and distinct from, as well as predominant over, the federal claims at issue. *See id.*

In relevant part, Section 812.15, covering the crime of unauthorized reception of cable television services, provides the following:

(2)(a) No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law.
(2)(b) For the purpose of this section, the term "assist in intercepting or receiving" shall include the manufacture of or distribution of equipment intended by the manufacturer or distributor, as the case may be, for unauthorized reception of any communications service offered over a cable system in violation of this section.
(4)(a) Any person aggrieved by any violation of this section may bring a civil action

in a circuit court or in any other court of competent jurisdiction.

Fla.Stat.Ann. § 812.15 (West 1998). Within the text of the statute, specific references are made to the federal law upon which Plaintiff relies. *See id.* Furthermore, the language employed in the Florida statute is remarkably similar to the federal statutes in question.

■ Given the similarity between the two statutory schemes, Defendants' allegations that this Court's resolution of the state law claim will require completely different elements of proof separate and distinct from federal law seem disingenuous. Because the Florida statute tracks the federal legislation, it is far more likely that federal issues predominate over state issues, and that federal common law interpreting the parallel statutes will be used in interpreting the state law. The Court finds that the state law issues do not predominate, and that the state law's novelty does not counsel against the exercise of supplemental jurisdiction in these circumstances. As such, Defendants' Motions To Dismiss Count III of the Complaint must be denied.

### C. Count IV—Plaintiff's Request for Constructive Trust

Defendant urges this Court to dismiss Plaintiff's request for a constructive trust on two grounds: (1) Plaintiff has an adequate remedy at law, and (2) Plaintiff has not pled breach of confidential relationship, an allegedly necessary element to the imposition of a constructive trust under Florida law. *See* Defs.' Mots., at 4.

■ Plaintiff correctly observes that the Federal Rules do not prohibit the pleading of an equitable remedy alongside a claim for monetary remedy. *See* Pl.'s Resp., at 9, *citing* Fed.R.Civ.P. 8(a) (West 1998) (authorizing alternative pleading). Although equitable relief ultimately may not be awarded where there exists an adequate remedy at law, Plaintiff certainly may plead alternative equitable relief. As such, Defendants' Motion To Dismiss Count IV on this ground must be denied.

The Florida Supreme Court expressly has held that a confidential relationship is not a necessary prerequisite to the imposition of a constructive trust. *See In re Estate of Tolin,* 622 So.2d 988, 990 (Fla.1993) ("A constructive trust is properly imposed when, as a result of a mistake in a transaction, one party is unjustly enriched at the expense of another. Although this equitable remedy is usually limited to circumstances in which fraud or a breach of confidence has occurred, it is proper in cases in which one party has benefitted by the mistake of another at the expense of a third party."). As such, Defendants' Motions To Dismiss Count IV on the ground of absence of a confidential relationship must also be denied.

## IV. Conclusion

Accordingly, after a careful review of the record, and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that the Motion To Dismiss filed by Defendants E & A Beepers Corporation and Arturo Morales on May 27, 1999 be, and the same is hereby, DENIED. Defendants E & A Beepers Corporation and Arturo Morales shall have ten (10) days from the date of this Order in which to file an Answer to the Complaint. It is further

ORDERED and ADJUDGED that the Motion To Dismiss filed by Defendants Media Tech International, Inc., Videotron Incorporated, and George Lee on June 1, 1999 be, and the same is hereby, DENIED. Defendants Media Tech International, Inc., Videotron Incorporated, and George Lee shall have ten (10) days from the date of this Order in which to file an Answer to the Complaint.

DONE and ORDERED in chambers at the James Lawrence King Federal Justice Building and United States District Courthouse.

